## STURGES v. KENDALL.

The forbearance of a plaintiff by whom an action had been commenced by attachment, in which certain persons were made garnishees, to obtain a judgment against the latter at the same time that judgment was rendered against the defendant, is no waiver of his right to proceed against them at a future day.

Where garnishees are cited to answer interrogatories within a certain time, their neglect to answer is considered to be a confession that they have in their hands property belonging to the debtor to the amount stated in the interrogatories ; and this confession authorises a judgment against them without the formality of a default; nor are they entitled to any notice of the plaintiff's intention to render them liable, upon the confession which the law infers from their silence. C. P. 263.

The neglect of garnishees to answer interrogatories can be considered as a confession of having in their hands property of the defendant, only to the amount of the debt mentioned in the interrogatories.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Singleton*, for the plaintiff, cited *Parmley* v. *Bradbury*, 13 La. 353. 16 La. 525. C. P. 243, 312. *Benjamin* and *Micou*, for the appellants. No counsel appeared for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff commenced this action by an attachment, and made the appellants, *Follain* and *Bellocq*, parties as garnishees. To the latter interrogatories were propounded, which have not been answered. A judgment was first obtained against the defendant, and after a return of *nulla bona* on the exe-

STURGES
v.
KENDALL.

cution which issued thereon, the plaintiff caused the interrogatories propounded to the garnishees to be taken for confessed; whereupon a judgment was rendered against the latter, from which they have appealed.

The appellants contend that, there is no evidence in the record that the interrogatories were served upon them; that no judgment having been rendered against them when a judgment was taken against the defendant, recourse against them was abandoned; that judgment was rendered against the garnishees without a previous default having been taken against them, or a rule upon them to show cause; that the affidavit for the attachment claims only $300 to be due by the defendant, whereas a judgment has been rendered against the garnishees for a larger sum.

I. The plaintiff prays that the garnishees be made parties and required to answer interrogatories, which he states are appended to his petition. Annexed to the petition, and apparently upon the same sheet of paper, are two interrogatories addressed to the appellants, at the foot of which is an order that they be answered. There is but one filing of the petition, interrogatories, and order, the whole having been treated by the clerk in this respect as one document. The citation directed to the garnishees, requires them "to answer in writing, under oath, the interrogatories annexed to the petition, of which a copy accompanies the citation," &c. The sheriff's return is, that he served a copy of the petition and citation on Messrs. *Follain* and *Bellocq*, &c. We think this evidence establishes, with sufficient clearness, that the interrogatories were considered as forming a part of the petition, and that they were copied and served as a part of it.

II. The forbearance of the plaintiff from taking a judgment against the garnishees, at the time that judgment was rendered against the defendant, was no waiver of his right to proceed at a future day against the former. A judgment is not required by the Code of Practice to be rendered at the same time against the defendant and garnishees, and it is by no means unusual to take separate judgments, at different times, against such parties.

III. The garnishees were cited to answer the interrogatories within ten days from the service. Their neglect to answer is considered as a confession that they had property of the debtor in their hands, to the amount stated in the interrogatories, and this legal confession authorised a judgment to be rendered against them without the formal entry of a default. They were entitled to no notice of the plaintiff's intention to render them liable, upon the confession which the law inferred from their silence. Code of Prac. 263. 13 La. 353.

IV. The affidavit on which the attachment was founded declared only $300 to be due by the defendant, and the interrogatories propounded to the appellants only enquire of them whether they are indebted to the defendant in that sum. The neglect to answer can only be considered as a confession of an indebtedness to that amount. The judgment against them is for a larger sum with interest, and in that respect is erroneous. The judgment of the District Court is therefore reversed, and ours is in favor of the plaintiff and against the garnishees, *Follain* and *Bollocq*, for three hundred dollars; the appellees paying the costs of this appeal.