PATRICK HENRY *v.* MRS. E. M. BRYCE.—WELLS and WIFE, Garnishees.

A married woman, cited as garnishee, must answer the interrogatories propounded, though she be not authorized by the court or her husband, under penalty of having them taken *pro confesso.*

APPEAL from the District Court of the parish of Rapides, *Cushman,* J. *M. Canfield,* for plaintiff. *A. N. & O. N. Ogden,* for defendant and appellant.

MERRICK, C. J. The plaintiff having obtained judgment against the defendant, caused an execution to issue, and propounded interrogatories to *J. M. Wells* and wife, *Mary Ann Wells,* as garnishees, under the Acts of 1839, p. 166, and 1840, p. 43. Both were cited, and having neglected to answer the interrogatories within the delay, the same were taken as confessed, and judgment rendered against them severally for the amount of plaintiff's demand. The defendant, *Mrs. Wells,* appealed, and it is assigned as error that she was not authorized to defend the suit either by her husband or the Judge, and that the judgment is, therefore, erroneous.

By Art. 264 of the Code of Practice, which is also applicable to this sort of garnishment, it is provided that: "If the garnishee, to whom interrogatories have been put, refuse or neglect to answer the same, under oath, in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands property belonging to the debtor sufficient to satisfy the demand made against such debtor, and judgment shall be rendered against him for the amount claimed by the defendant, with interest and costs."

In the case of *Sturgis* v. *Kendall,* 2 An. 566, it was held that the mere neglect to answer the interrogatories is considered as a confession, and that no formal entry of a judgment by default is required, nor are the garnishees entitled to notice of plaintiff's intention to render them liable upon the confessions which the law infers from their silence. It seems, therefore, to us that the neglect or refusal to answer the interrogatories within the time prescribed by law is equivalent to an actual default in other cases. There is also reason in this conclusion, for in general nothing more is expected of the garnishee by way of appearance in the suit than his answers to the interrogatories. It is only when his answers are traversed and denied that the suit partakes properly of the character of a legal controversy between the parties.

There is nothing, therefore, in the first step in the proceeding of garnishment which requires the wife to be authorized. She is called upon as a witness to testify the truth with a penalty only in the case of a refusal to answer. Now it has been held in the cases of *Stone, Syndic,* v. *Tew,* 9 Rob. 195, and *Gilmore* v. *Gilmore,* 9 An. 204, that the tacit issue formed by the default against both husband and wife in an ordinary action is a sufficient authorization of the husband to the wife to defend the suit. Much more may, we presume, (if needed,) the authorization of the husband to the wife to answer interrogatories when a favorable answer, if true, will relieve her estate from liability and herself from further trouble with the suit.

We see no error in that part of the judgment of the lower court of which complaint is made.

Judgment affirmed.