## No. 10,069.

### HEIRS OF PHILIP HOGGATT VS. A. W. CRANDALL, ADMINISTRATOR, ET AL.

The principle that, in an action of nullity, the judgment attacked as null cannot be pleaded as *res adjudicata*, does not apply where the grounds of nullity asserted had been considered and validly determined by that judgment itself.

In this case, not only were the grounds of nullity now charged considered and determined in the original judgment, but the same grounds were afterwards presented on an exception of nullity on which issue was joined, and which was again determined adversely to the exception. This operates *res adjudicata* against the present action, which is brought by the same parties (in law), against the same judgment, and on the same grounds.

APPEAL from the Eighth District Court, Parish of Madison. Delony, J.

*C. J. Boatner,* for Plaintiffs and Appellants.

*Stone & Murphy* and *W. R. Young,* for Defendants and Appellees:

The opinion of the court was delivered by

FENNER, J. In the suit of Thos. J. Martin vs. Thos. W. Watts and Philip Hoggatt, No. 8556 on the docket of this court, a final decree was rendered in 1882, condemning the succession of Hoggatt to pay to plaintiff a certain amount of money. Watts vs. Martin et al. N. R., Op. B. 56, fo. 321.

After the return of this mandate to the lower court, plaintiff sought to enforce the same by a proceeding in the succession of Hoggatt for a sale of property to pay it. The administratrix of Hoggatt's succession appeared and opposed the application by an answer setting up that the judgment of this court was, "as to said succession, an absolute nullity."

On this distinct issue of nullity *vel non,* the case was tried and the district judge sustained the plea of nullity, and rendered judgment rejecting paintiff's demand for the execution of his judgment.

An appeal was taken to this court and, after hearing, we rendered our decree reversing the judgment and remanding the case "for further proceedings according to law and to the views herein expressed." Suc. Martin vs. Suc. Hoggatt, 37 Ann. 340.

On return of this mandate to the lower court, there being no other defense to the proceeding for satisfaction of the first judgment, a judgment was entered to that effect.

Thereafter the legal representatives of the succession of Hoggatt brought the present action, the object of which is to enjoin perpetually the execution of the last-named judgment and to annul both the above-named mandate of this court.

Amongst other defenses, the defendant interposed the plea of *res judicata*.

From a judgment in favor of defendant, rejecting plaintiffs' demand and dissolving the injunction, the present appeal is taken.

If there is the slightest force in the time-honored maxims, "*res adjudicata pro veritate accipitur*," and "*nemo debit bis vexari pro una et eadem causa*," surely defendant is entitled to their protection in this case.

The grounds of nullity urged against our original judgment between these parties (Op. Book 56, fo. 321), are substantially: 1st. That the succession of Hoggatt was not a party to the proceedings resulting in the judgment appealed from. 2d. That it was not a party to the appeal. 3d. That no judgment having been rendered for or against the succession in the lower court, the judgment of this court was an exercise of original jurisdiction prohibited by the Constitution.

Reference to our first opinion will show that we fully considered these objections to our decree; that we recited correctly every fact upon which they were based, and that we overruled them, holding substantially, in terms or by necessary legal inference: 1st. That the new trial granted by consent of parties vacated the entire former judgment of the court. 2d. That the default subsequently taken against the succession of Hoggatt created a new issue. 3d. That the trial had involved the issue raised by the default against the succession as well as that raised by the answer of Martin. 4th. That the judgment rendered, in failing to confirm the default against the succession, was error, remediable by appeal; and, finally, that the succession being a party to the proceedings and the issue tried, was a party to the appeal by reason of the latter having been taken by motion in open court at the same term at which the judgment was rendered.

Such was the plain theory of our opinion, and it should have been a bar to any action to annul it upon the grounds thus considered and disposed of.

Nevertheless, in the second suit above referred to, the succession of Hoggatt was permitted to raise the issue of the nullity of our mandate upon the identical grounds above stated and disposed of in our first opinion. This issue was tried in the lower court, appealed to this court, and was decreed adversely to the succession on the ground that the grounds of nullity alleged, having been considered and disposed of in the case in which the judgment was rendered, could not again

62

be agitated.    We call attention to the fact that the first opinion of the court, in this last case, was reconsidered, and that our decree was made to rest on the reasons given in the opinion rendered on the rehearing.

The present action presents the same demand, founded on the same cause of action, between the same parties.    C. C. 2286.

The petition charges that our proceedings violate various provisions of the Federal Constitution, and an attempt was made to remove the cause to the Federal court; but the Supreme Court of the United States remanded the cause, with these remarks: "If the administratrix of the succession of Hoggatt was not a party to the proceedings after the first judgment in her favor, no one can claim that the succession she represents was bound by what was afterwards done in the suit.    All depends on whether she continued to be in fact and in law a party; and this is to be determined by the effect of the original judgment in her favor, and the form of the proceedings thereafter.    This may involve a consideration of the law and practice in Louisiana, but it is not, so far as anything now appears on the record, at all dependent for its solution on any construction of the Constitution or laws of the United States."

The very thing decided by us was that under " the law and practice in Louisiana;" the original judgment was vacated by the new trial granted, and that the administratrix did " continue to be, in law and fact, a party " to the subsequent proceedings.

Assaults upon the correctness of these judgments, even if they had merit, would be of no avail.

We do not claim that our judgments are infallible; but, when they have become final, they are certainly irreversible by inferior courts and even by ourselves, on mere grounds of error.

In thus deciding we do not forget, nor do we violate, the principle that in an action to annul a judgment, the judgment so assailed cannot be pleaded as *res adjudicata*.    That principle only applies to grounds of nullity which were not considered and validly determined in the judgment itself.

But it is sufficient to say that our decree on the former plea of nullity against the original judgment is unquestionably valid, and subject to no charge of nullity on any ground; and it is clearly *res adjudicata* against any further action of nullity by the same parties, against the same judgment, and on the same grounds.

Judgment affirmed.