BREAUX, C. J.
An alleged creditor of the insolvency of E. Conery, Jr., brought this action of nullity, accompanied by an injunction to set aside a judgment, authorizing Henry B. McMurray, civil sheriff, to perform in all respects the function of syndic of the insolvent.
The judgment attacked authorized the sheriff as just stated, and rejected the petition of George A. Hassinger, Otto T. Maier, and Harry McEnerny for the appointment.
This judgment rejecting the said petition and authorizing the sheriff to act was signed on the 28th day of July, 1905.
William A. Lawler’s (plaintiff in these proceedings) grounds of attack on this judgment are, in substance, that he is the owner of the promissory notes signed by the insolvent, one for $4,950, dated February 3, 1896, and the other for $5,500, dated January 2, 1896, each payable 60 days after date.
The indorsement on these notes shows that they were transferred by E. Conery, Jr., to Lawler and Chary as collateral security. He alleges that these notes have carried on the schedule of the insolvent filed March 2, 1898.
The complaint of petition is that the sheriff received the appointment, although it did not appear that other creditors were unwilling to assume the trust, and that as to the sheriff he was not even a creditor; that the judgment is also null by reason of the fact that it was rendered and signed out of term, and, that as a creditor’s application was pending, the appointment was in violation of Rev. St. § 1810; that the insolvent is in consequence without representative to administer the affairs of the insolvency, and all parties concerned are exposed to lose their respective claims and rights; that it is recently that the petitioner has discovered the asserted null proceedings. He offers to take upon himself the syndicship and to furnish required security. He obtained ’ an injunction to restrain the sheriff from acting further in the matter of the insolvency.
Regarding the judgment appointing the sheriff syndic, unauthorized because rendered at chambers, as plaintiff urged, the facts are that the contest for .the appointment of a definitive syndic was heard on the 26th day of June, 1905, and was taken by the court under advisement on the same day.
The regular term of the civil district court under the laws of the state ended on June 30,. 1905. The judgment in this case was rendered on July 5, 1905, and signed on July 2S, 1905.
The defense pleaded that petitioner had no cause of action, denied that petitioner is a creditor, and pleaded the prescription of five and ten years, and averred that the judgment appointing him syndic has the force of res judicata, and that he is estopped by record.
The appeal of William A. Lawler is from the judgment refusing the preliminary injunction, and from the' judgment maintaining the exception of no cause of action and dismissing the suit.
The above findings of-fact are full. They raise other issues than it is deemed necessary to decide in this suit.
. We will state that which is evident. Courts of justice should hold their sessions in accordance with the Constitution and statutory provisions. The Constitution expressly gives to the civil district court authority to render judgment homologating accounts in vacation.
This would be very inconsiderable if that were all that courts were authorized to do in vacation.
Interpretation heretofore has not thus lim *867 ited the functions of that court during the warmer summer months.
It is stated by appellee that the three articles of the Constitution relating to the terms of the district court — that is, articles 135, 136, and 137 of that instrument — were written by him in conjunction with one of the present justices, who was an honored member of the Convention of 1898, by whom the Constitution was adopted, and who was at the time judge of one of the civil district courts. This counsel adds that it was not for a moment suspected that it would ever be thought that the effect of the articles would be to deprive a civil district court of the authority to decide or to do anything except render judgments homologating accounts in vacation.
Contemporaneous construction has given a broader meaning to the law than that which confines the duties of that court to the one function just mentioned; that is, homologating accounts in vacation. There is a larger power expressed in article 136 .of the Constitution. It ordains that the judges of the civil district court shall be authorized to adopt rules, not in conflict with the law, regulating the disposition of cases, the proceedings in trial.
The judges of the district court, availing themselves of the power thus conferred, and doubtless influenced by contemporaneous construction that they had the power so to do, adopted rules in accordance with the expressed provision of the Constitution. In one of these rules they inserted the provision that from the 15th day of duly to the 15th day of October following the court would be open for granting interlocutory orders, for issuing all writs, for trying motions to quash writs, and not upon the merits, and for hearing the cases of landlords asking for the possession of leased premises; also for hearing applications for emancipation, and by married women for authorization; suits for partition; opposition for the appointment of tutors, administrators, executors, and syndics, receivers, and liquidators; all insolvency and succession matters, not liquidated; and other proceedings as may under existing laws bo tried during vacation.
This is comprehensive enough to hear opposition to the appointment of syndics, and to pass upon these oppositions.
The rule in question stated that it was the purpose by it to confer upon the court the right to decide such questions as were authorized to be decided in vacation under existing laws.
Let us see what are those existing laws.
Section 1936 of the Revised Statutes of 1870 reads as follows, to wit:
“The district judges shall have authority to grant all orders of chambers relating to the matter of insolvent debtors and the appointment of administrators, syndics, and generally all orders not required by law to be granted in open court.”
This section of the Revised Statute was taken from Act No. 344 of 1855, p. 496, § 32. The title to this act of 1855 reads, “Relative to the district courts”; and it follows that whatever authority it confers on courts goes to all of the district courts, not excepting the civil district court of the parish of Orleans. As regards the courts other than those within the parish of Orleans, it has been repealed, but we nowhere find that it has been repealed as regards New Orleans.
It therefore must be held to confer the authority to pass upon questions in vacation within the limits of the parish of Orleans.
Considering together both the rule before referred to and the last cited act in the last cited section of the Revised Statute of 1870,. the court had authority to hear and decide as if in open court.
The grant of power under section 1936 of the Revised Statutes above cited limits the function to all orders not required by law to be granted in open court. .
*869 1 The orders authorized by the rule and by the quoted section evidently fall within the restriction. They can be signed, although not in open court as generally understood. Otherwise there would have been no good reason to delegate the power. The orders required to be granted in open court are modified by the effect of the cited section supra.
The court in its vacation has the authority to settle controversies which arise in matter of which it has been given special jurisdiction.
The point now at issue was not considered in the cited- case of Railroad v. Judge, 109 La. 11, 33 South. 49. That decision went to the extent of holding that Act No. 4, p. 5, of 1896, repealed Act No. 124, p. 168, of 1880, and Act No. 111, p. 150, of 1892. No reference was made to subsequent laws or to preceding unrepealed laws.
We refer specially to the section cited above of the article of the Constitution authorizing rules to be adopted and the actions of the judges thereunder. None of these were referred to in the cited opinion. They retained their full force and effect.
One of the contentions pressed upon our attention by learned counsel was substantially that in disposing of a controversy regarding the appointment of a syndic the court finally determined the rights of the parties; that it was a definitive judgment.
We will state that, even if it be definitive, if the decision in vacation is authorized by the statute, it offers no ground to set aside the judgment The judgment, none the less, did not pass upon any of the substantive rights of the parties any further than it authorizes the civil sheriff to act as syndic. There is no right of trial by jury involved; no one is condemned to pay an amount; nor is there an adverse judgment regarding any money demand. It is only determined that for the time being the sheriff shall act as syndic.
In a case of this kind it does not appear extraordinary that the court has jurisdiction to dispose of the issues. It is only incidental. It is not very far removed from an interlocutory decree resorted to in order that the insolvent may not be unrepresented, and in order that interest may be safeguarded.
It is far from our intention to belittle the claim of the appellant to be appointed syndic. If the law grants it, he should have it as a matter of right; but in reality it does not amount to a very great difference whether the insolvency be settled by one syndic or the other. The one or the other must render full and fair account, and strictly comply with every provision of the law. Our only purpose in thus stating is to add to the statement that as relates to a matter of right or the proper administration of an insolvent estate it was not unreasonable on the part of the judges of the district court to adopt a rule which authorized a hearing, and it is not strange if the section of the Revised Statutes which we have cited remained in full force. For that reason, also, we have stated that the decree was in some aspects interlocutory.
Another proposition of the appellant is that the judge of the district court had no jurisdiction to appoint the sheriff as syndic, as a creditor was applying at the time for the appointment.
From our point of view the court had jurisdiction both of the subject-matter and of the person. If the court erred In its judgment, it was a matter for review on appeal. It presents no issue which can be decided in proceedings to annul the .judgment. It does not, within the most latitudinarian construction which can possibly be placed on articles 606 and 607 of the Code of Practice, fall within the terms of these articles relating to actions of nullity.
There is no question of fraud here or of ill practice of any sort, and no issue which can be taken up in the proceedings to annul the *871 judgment. The judgment cannot be considered as the merest nullity. It does not appear that there was a want of notice. While it may not be a final judgment, it must be given effect.
For reasons assigned, the judgment is affirmed.