DAWKINS, X
Under the rules of the district court for Caddo parish, that court is in continuous session from the 1st of October of each year for ten months, and which makes August and September a period of vacation. On September 8, 1920, plaintiff filed her petition for ejectment under Act No. 49 of 1918, and the court through the respondent, Judge John R. Land, issued an order directing that defendant be cited and ordered to show cause at 10 o’clock a. m. on Saturday September 11, 1920, why he should not be condemned to deliver plaintiff the premises described in the petition. On the day fixed defendant appeared and excepted to the proceeding on the ground that the court was in vacation under its rules, and that there was no law authorizing a trial out of term time. He at the same time, reserving his rights under the exception and objection, answered and denied that the lease had expired, as claimed by plaintiff, as well as the other allegations of the petition, and prayed that her demands be rejected. The exception was overruled,' and the court set the case down for trial on September 15, 1920. Thereupon defendant applied here for writs of certiorari and prohibition. A rule nisi with stay of proceedings was issued by this court, and the matter is now before us for decision.
Opinion.
In his answer to the rule the respondent judge cites and relies for support of his ruling on section 1936 of the Revised Statutes and the decision in Oonery v. His Creditors, 118 La. 864, 43 South. 530.
Section 1936, R. S., reads as follows:
“The district judges shall have authority to administer oaths; to grant, at chambers, orders relating to curators of interdicted persons; all orders relating to surrenders by insolvent debtors, and the appointment and administration of syndics; orders of arrest, attachment, sequestration, provisional seizure and injunction and all other orders relating thereto; writs of habeas corpus, orders of seizure and sale on executory process, orders for commissions to take testimony; and generally all orders not required by law to be granted in oyen oowrt.” (Italics ours.)
And the effect of his contention is that, since ejectment is a summary proceeding, and the order for citation or to show cause may be signed at chambers, as in all other preliminary proceedings, and the statute (Act No. 49 of 1918) in such positive terms provides that—
“It shall be lawful for such lessor to cause the tenant to be cited summarily to show cause, within two days after the service of such rule, to appear before any court, having competent jurisdiction, in order to be there condemned to deliver him the possession of the leased premises. On the day and hour that the said rule is made returnable, which day shall be the third day after service of the said rule, the justice or judge shall immediately try the rule, and hear the defense to same, if any is made, and if no appearance is made by said tenant, either in pprson or through counsel, the said justice or judge shall give judgment against said tenant, ordering him to deliver to the lessor the possession of the leased premises”
—under the terms of the last clause of section 1936 above quoted and italicized by us, that the judge has the right to hear and decide the matter at chambers and in vacation.
Article 117 of- the (Constitution requires that the district courts, parish of Orleans excepted, “shall hold continuous sessions during ten months of the year,” and section 2 of Act 163 of 1898 provides that the judge shall fix the periods for holding court, which shall be published and not changed within one year. Section 3 of the last-mentioned act provides:
“That it is the intent and meaning of article 117 of the Constitution that district courts shall always be open and the proceedings held to be in open court, while the judge is on the *193 bench and at the fixing of sessions in districts composed of more than one parish shall not affect the authority or duty of the judge to set [sit] at any time in any of the parishes of his district when the public interest may require it.”
It is thus made plain, both by the Constitution and the statute law, that there is a period during each calendar year (to be fixed by the judge at his pleasure, but not to be changed oftener than once a year) when the court is not legally in session, commonly called its vacation, and during which time no matter required to be heard in open court can be considered, except in such cases as may have been expressly provided by law.
[1] There is no doubt but that an action such as this falls within the class denominated summary, but it none the less is a cause in which final judgment must be rendered, and from which either party east may appeal within the very limited time therein provided. (24 hours). In our opinion, it is not such a matter as is contemplated by section 1936 of the Eevised Statutes. That provision was intended to apply only to such incidental and preliminary orders as did not involve the merits of a litigated cause, whether or: dinary or summary; while the present case and the procedure which the court proposed to pursue would undoubtedly have disposed finally of all the issues of a contested lawsuit. The Legislature unquestionably attempted to provide a speedy method for the handling of such cases, but it did not see fit to provide that they should be tried at chambers or in vacation outside the parish of Orleans. On the other hand, in the parish just mentioned by statute and by rule of court suits by landlords for the possession of leased premises are specifically included in- the class which may be so heard and determined. Act No. 4 of 1896, p. 5; Conery v. His Creditors, 118 La. 864, 43 South. 530.
The case just cited and relied upon by the respondent judge was one in which a contest arose over the appointment of a syndic for an insolvent estate, and while the organ of the court referred to the concluding clause of section 1936, E. S., and used language rather broad with reference to matters which might be heard at chambers, it is apparent that this was not necessary to a decision of the ease, since that section provides specifically that any district judge may issue “all orders relating to surrenders by insolvent debtors, and the appointment and administration of syndics,” and Act No. 4 of 1896 (applicable alone to the parish of Orleans) also authorizes the judges of the civil district court to make all such orders affecting “insolvency business, as the court en bane may by rule determine,” and the court had a rule providing for the hearing of such matters as was then in contest.
[2] We recognize that the ruling now made will have the effect, practically speaking, of rendering tenants immune from ejectment proceedings in the country districts during the vacation months, but our duty is to interpret, and not to-make, laws. There is nothing to indicate, notwithstanding the extreme-. ly summary nature of such proceedings, that the lawmaker intended to have them heard in chambers or vacation, and the special legislation with reference to the parish of Orleans (Act No. 4 of 1896) giving the right to try “proceedings instituted or on appeal there by a landlord for the possession of leas-; ed property” rather emphasizes the -absence of such intentions a-s to the country districts.
For the reasons assigned, the preliminary writ issued herein is made peremptory, and the lower court is enjoined not to proceed further with the trial in vacation.