No. 2840

Second Circuit

HAWTHORNE, ET AL., v. JACKSON PARISH SCHOOL BOARD, ET AL.

(Dec. 11, 1926.   Opinion and Decree.)
(Jan. 28, 1927.   Rehearing Refused.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Education—Par. 6; Judgment—Par. 110, 112, 116, 198, 200.

Tax payers have not the right to lend themselves to the school board to set aside a judgment against the school board rendered several years previous which is res adjudicata.

2. Louisiana Digest—Judgment—Par. 98, 110, 200, 201.

In view of Articles 606 and 607 of the Code of Practice, a judgment which is res adjudicata as to the parties and their privies cannot be annulled merely because of the alleged ground that it or any part of it is contrary to law.

3. Louisiana Digest—Education—Par. 6, 8; Judgment—Par. 112.

Under Section 6 of Act 120 of 1916 and Act 17 of 1914, amended by Act 17 of 1918, the parish school boards are bodies corporate in law with power to sue and be sued and are governing authorities of school districts. A judgment against them is binding and cannot be attacked by tax payers of the district.

Appeal from the Third Judicial District Court of Louisiana, Parish of Jackson. Hon. J. W. Elder, Special Judge.

There was judgment for plaintiffs and defendants appealed.

Judgment reversed and suit dismissed.

W. J. Hammon, of Jonesboro, attorney for plaintiffs, appellees.

E. L. Walker, of Jonesboro, attorney for defendants, appellants.

ODOM, J. This is a suit by twenty tax payers of School District No. 39 of Jackson parish, to have certain portions of a judgment rendered in the district court in a suit styled Ruston Manufacturing Company vs. Jackson Parish School Board, No. 1981, declared "erroneous, illegal, null, void and of no effect".

The judgment sought to be annulled was rendered in the district court in 1921. That case was appealed to this court and, in November, 1921, the judgment was affirmed.

In the case at bar there was judgment in the lower court in favor of the plaintiffs and defendants have appealed.

## OPINION.

In 1920, the Jackson Parish School Board created School District No. 39 in that parish and shortly thereafter called an election to take the sense of the property tax payers in said school district on the proposition of issuing bonds and levying a tax to raise funds with which to erect a high school in said district. The results of the election being favorable to the tax, the school board issued the bonds, sold them and with the proceeds constructed the high school building. No contract was let for the erection of the building. The board purchased all material, employed the labor and, so far as the record shows, supervised the work of construction.

It purchased certain building material from the Ruston Manufacturing Company, for which it failed to pay. After the building was constructed, the Ruston Manufacturing Company brought suit against the School Board of Jackson parish to recover the amount due and asked that its lien and privilege as furnisher of material be recognized and enforced against the building and ground on which it was situated.

The school board admitted the debt, but claimed that plaintiff was not entitled to a lien and privilege on the building and ground. There was judgment in the district court in favor of the plaintiff for the full amount claimed and—

"* * * further ordered, adjudged and decred that plaintiff's privilege as furnisheh of material be and is hereby recognized in plaintiff's favor upon the high school building at Quitman, Jackson parish, Louisiana, built in the year 1920, by the Jackson Parish School Board, with the right to seize and sell the same for the satisfaction of this judgment. The lien and privilege granted herein does not operate against the ground upon which the building is situated."

This judgment was rendered on June 14, 1921.

The case was appealed to this court and in November, 1921, the judgment was affirmed.

No steps were taken by the plaintiffs to collect their judgment until 1925, when it procured the issuance of a writ of fi. fa. and was about to have the building seized and sold when the Jackson Parish School Board, the defendant in the original suit, brought injunction proceedings against the Ruston Manufacturing Company to restrain it from proceeding to sell said building on the ground that that part of the judgment recognizing a privilege on the school building was erroneous, illegal, null, void and of no effect.

The Ruston Manufacturing Company interposed a plea of res adjudicata, which

was sustained by the lower court and the suit dismissed.

That case was not appealed.

The present suit by twenty property tax-paying citizens of School District No. 39, followed.

These tax payers allege that the building erected by the school board with funds thus raised is not the property of the board but belong to them as tax payers and that they therefore have an interest in contesting the legality of the judgment rendered in the case of Ruston Manufacturing Company vs. Jackson Parish School Board, and especially allege that—

"* * * that part of the judgment which recognized a lien on the Quitman school building was rendered without citation to any of its owners, and that insofar as it pretended to grant a lien and privilege on the Quitman school building with the right to seize and sell the same was and is erroneous, illegal, null, void and of no effect and should be so declared by this Honorable Court."

Further alleging that the said judgment had become final as between the Ruston Manufacturing Company and the Jackson Parish School Board and that the building will be sold unless plaintiff is restrained by the court in this suit, they pray that there be judgment against the Ruston Manufacturing Company—

"* * * decreeing that part of its judgment in its suit styled Ruston Manufacturing Company vs. Jackson Parish School Board, which pretends to grant a lien and privilege upon the Quitman public school building with the right to seize and sell the same in satisfaction of said judgment to be erroneous, illegal, null, void and of no effect, and forever enjoining and re-straining the said Ruston Manufacturing Company from attempting to enforce the same insofar as it affects said Quitman public school building in School District No. 39 of Jackson parish, Louisiana."

The Ruston Manufacturing Company in-terposed a plea of prescription of one year, exceptions of no cause and no right of action, and the plea of res adjudicata.

The judge ad hoc referred these pleas and exceptions to the merits.

While the present suit is brought in the name of citizens and tax payers, it is evi-dent that they are parties interposed and that the Jackson Parish School Board is the real plaintiff; for we find in the rec-ord a petition signed by these tax payers addressed to—

"To Mr. Wm. J. Hammon, attorney for the Jackson Parish School Board."

Reciting—

"* * * we ask that you take any legal steps that may be necessary to prevent the sale, using our names as party to the suit, with the understanding that we do not become responsible in any way for the cost of suit or any other expense con-nected therewith."

Mr. Hammon is district attorney and ex-officio attorney for the school board. He testified as a witness and was asked if the suit was not brought at the suggestion of the school board and he answered that it was not but was brought by the tax payers with full knowledge and consent of the school board; and on being asked who was financing the suit he said:

"It would be a matter of opinion, but my judgment is that the Jackson Parish School Board agreed to cover the costs."

We note that the school board was a party defendant in the suit. Mr. Ham-mon filed an answer for the board recit-ing, in part:

"Now comes the Jackson Parish School Board made and cited as one of the de-fendants in the above cause, and for an-swer to plaintiff's petition says."

Then follows an admission that all the allegations of fact set out in the first twelve articles of plaintiff's petition are true and—

"That the questions of law are submitted to the court for determination."

Mr. Hammon, therefore, represents the plaintiffs and one of the defendants.

It seems to us, therefore, clear that these plaintiffs are parties, interposed, acting for the school board which must stay in the background, as it has exhausted its remedies to have the judgment against it set aside.

We find that the special judge before whom the case was tried was similarly impressed, for in his written reasons for judgment he said, amongst other things:

"* * * no doubt the school board, feeling that they may not have been represented as well as they should have on another in order to try and save the property for order to try and save the property for the benefit of the school children."

Pretermitting the question as to whether these tax payers would have a standing in court to prevent the sale of this property on any other ground, we do not think they had any right to lend themselves to the school board to set aside this judgment.

Johnson, et al., vs. City of New Orleans, 105 La. 149, 29 So. 355.

Aside from this, however, there are other and more pertinent reasons why the relief which plaintiffs seek cannot be granted. They are in court for the sole purpose of setting aside and annulling a judgment which became final 'more than four years previous to the filing of this suit. They allege that the portion of said judgment which recognized and granted a privilege on the school building was ren-dered without legal grounds and is therefore illegal, null, void and of no effect, and they pray for judgment against the Ruston Manufacturing Company, accordingly.

They present no issue except the one stated. They do not allege and their counsel does not now contend that there were any irregularities in the proceedings leading up to the judgment. They do not attack the judgment as a whole but only that part of it which recognized the Ruston Manufacturing Company's privilege on the building and they attack that part of it upon the alleged ground that the judgment is contrary to the law. But that is not a cause for which a judgment may be annulled.

Code of Practice, Articles 606 and 607.

It is not alleged in plaintiff's petition, nor is it suggested by counsel, that the school board was not properly represented, that there was want of citation, that the judge was incompetent, that there was no joinder of issue, or that the judgment was obtained through fraud or other illegal practices.

It is not alleged or suggested that the School Board of Jackson parish was not the proper party defendant in the original suit. The board's authority to sue and be sued and to stand in judgment in such matters is not disputed; but plaintiffs put forth as their caues of action, their ground of nullity, that the part of the judgment which they seek to set aside was contrary to the law.

In the case of Landry vs. Bertrand, 48 La. Ann. 48, it was held that an action of nullity does not lie upon the general allegation that the judgment rendered was contrary to the law and the evidence.

In Conley vs. His Creditors, 118 La. 864, 43 So. 530, it was held that error in a judgment was no ground for nullity, and that in cases where such error is complained of the remedy is by appeal.

And in the case of Hoggett vs. Crandall, 39 La. Ann. 976, 3 So. 899, the court said:

"We do not claim that our judgments are infallible; but when they become final they are certainly irreversible by inferior courts and even by ourselves on mere grounds of error. In thus deciding, we do not forget nor do we violate the principle that in actions to annul a judgment the judgment so assailed cannot be pleaded as res adjudicata. That principle only applies to grounds of nullity which were not considered and validly determined in the judgment itself."

In the case of Ruston Manufactcuring Company vs. Jackson Parish School Board, the sole decided issue was whether or not the plaintiff had a lien and privilege on the building. That issue was decided in the district court and was determined adversely to the board. The board resorted to its only remedy, that of appeal. On appeal this court specifically held that the plaintiff was entitled to the privilege and so decreed. That judgment became final long before the present suit was filed, and whether right or wrong, is binding upon all parties thereto and their privies.

In the case of Heroman vs. Louisiana Institute for the Deaf and Dumb, 34 La. Ann. 813, the Supreme Court said:

"If there is any other ground of annulling the judgment than error of decision upon the issues involved, the decision upon those issues is final as between the parties to the litigation and operates as res adjudicata. This is self evident. No principle of law is more inflexible than that which gives the absolute conclusiveness of such a judgment upon the parties and their privies. Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, the judgment imports absolute verity and the parties are forever estopped from disputing its correctness. Matters once determined in a court of competent jurisdiction, may never again be called in question by parties or their privies against objection, though the judgment may have been erroneous and liable to and certain of reversal in a higher court."

The judgment sought to be annulled in this case is final. It is res adjudicata as to the parties and their privies.

These plaintiffs allege that they were not made parties to the original suit, but they do not allege or suggest any reason why they should or could have been made parties.

Parish school boards are bodies corporate in law with power to sue and be sued. Section 6 of Act 120 of 1916.

Said boards are governing authorities of all school districts created by them. Act 17 of 1914 as amended by Act 17 of 1918.

In the case of Ruston Manufacturing Company vs. Jackson Parish School Board. the school board represented the citizens and tax payers of District No. 39. In its corporate capacity and as governing authority of the district, it purchased the material from the Ruston Manufacturing Company and erected the building. In plaintiff's suit to collect its bill the school board was properly made defendant. The citizens of the district were not proper parties to that suit. They now have no cause or right of action to annul a judgment obtained against the board as governing authority of the district, the board being properly cited and represented.

But even if it may be said that these citizens should have been made parties to that suit (which is not true) and that they have an interest therein, they are estopped

to contest the validity of the judgment on the grounds alleged. They were citizens and tax payers of the district when that suit was filed. They stood by and saw the school board litigate to a final conclusion the very issues which they present in this suit.

Counsel for plaintiffs cites many decisions to the effect that property dedicated to public use cannot be sold under execution. These authorities are not pertinent, for the reason that that issue is not before the court.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed and that plaintiffs' demands be rejected and their suit dismissed.