(131 So. 657)

## WINNFIELD FURNITURE CO. v. PEYTON et al.

### In re ADAMS.

### No. 30943.

### Dec. 1, 1930.

R. W. Oglesby, of Winnfield, for relator.

Eugene Beck, of Winnfield, for respondent.

OVERTON, J.

The Winnfield Furniture Company brought this suit against Lee Peyton and Lewis Harris to obtain judgment, in solido, on an open account, for the sum of $40. The suit was brought before the clerk of the Eighth district court for the parish of Winn, under the provisions of Act No. 223 of 1928. The citations required by the act were issued and served. One of the defendants, Lee Peyton, excepted to the jurisdiction of the court, ratione personæ. This exception, under the Act of 1928, was referred to the district judge for trial, before whom, at the time of the present application, it was still pending. The defendant Lewis Harris made no appearance whatever, and, after the expiration of the legal delays for answering, a default was entered against him before the clerk, which, in due course, was confirmed before that official and judgment rendered and signed by him.

After the Winnfield Furniture Company had obtained judgment against Harris, it caused a writ of fieri facias to issue, under which it made George N. Adams, the relator herein, a party garnishee to the suit. Adams failed to answer the interrogatories served upon him, or to make any appearance what-

ever, within the time fixed for him to answer, and therefore, acting under article 263 of the Code of Practice, the Winnfield Furniture Company caused judgment pro confesso to be entered against relator for the amount of the writ of fieri facias. This judgment was rendered by the clerk of court. Relator then promptly filed a motion for a new trial, which, under Act No. 223 of 1928, was referred to the district judge for disposition. After hearing the motion, the district judge overruled it, whereupon application was made by relator to this court for relief.

■ The relator's chief contention is that the clerk of court is without power to render judgment against a garnishee, pro confesso, where the garnishee fails to answer the interrogatories propounded to him, in cases in which the district courts and justices of the peace have concurrent jurisdiction. On the other hand, the Winnfield Furniture Company urges that, in such cases, the clerk of court may render judgment against the garnishee, when the latter fails to answer the interrogatories propounded to him, and that this he may do without the entry of a preliminary default against the garnishee.

The present case is one falling within the concurrent jurisdiction of district courts and justices of the peace. Constitution 1921, art. 7, §§ 35 and 48. Touching such jurisdiction, the Constitution, by section 37 of the same articles, provides as follows:

"The Legislature shall provide the method of procedure in District Courts in cases in which said courts have concurrent jurisdiction with justices of the peace, and in such cases, may empower the clerks of the district courts to enter defaults, and to render and sign judgments by default or by confession."

The Legislature, by Act No. 47 of 1922, undertook to carry into effect the foregoing section of the Constitution. Later, the Legislature passed another act on the same subject-matter, namely, Act No. 223 of 1928, which expressly repeals Act No. 47 of 1922. Hence the act of 1928 must be looked to in deciding the questions here involved instead of the act of 1922.

While the title of the act of 1928 is sufficiently broad to permit the enacting of a provision conferring power on clerks of court to render and sign judgments by confession as well as by default, and while the act, in the fifth and eleventh sections thereof, clearly confers power upon them, in cases falling within the concurrent jurisdiction of district courts and justices of the peace, to render and sign judgments by default, yet nowhere in the body of the act is reference made to the rendition by clerks of judgment by confession. Therefore, to say the least, it is gravely doubtful whether clerks of court are authorized to render judgments by confession, there being no specific delegation of power to them for that purpose, though they clearly are authorized to render them by default.

However, in our view, it is a matter of no serious consequence whether the clerk, in this instance, had power to render judgments by confession or not, for we think that a judgment rendered against a garnishee, by reason of his failure to answer the interrogatories served on him, is more properly a default judgment than one by confession.

Article 263 of the Code of Practice, which, by virtue of section 9 of Act No. 223 of 1928, is applicable to proceedings of this nature, in cases falling within the concurrent jurisdiction of district and justice of the peace courts, provides:

"If the garnishee, to whom interrogatories have been put, refuse or neglect to answer the same under oath in the delay of the law,

such refusal or neglect shall be considered as a confession of his having in his hands property belonging to the debtor, sufficient to satisfy the demand made against such debtor, and judgment shall be rendered against him for the amount claimed by the defendant, with interest and costs."

Here the confession is purely a constructive one, and relates only to the facts, and not to both the law and the facts, as is the case when judgment is confessed, although the facts constructively confessed are considered sufficient to warrant, in law, the rendition of judgment. The confession, being merely constructive, involves no affirmative action, as is the case in confessions of judgment, showing an intention to confess judgment. The confession flows merely from the failure or refusal to answer, and is imputed to the garnishee by operation of law, and is not the result of the exercise of his will.

■ It is true that, to obtain a judgment against a garnishee, where he fails to answer, the entry of a preliminary default against him is unnecessary. Sturges v. Kendall, 2 La. Ann. 565; Henry v. Bryce, 11 La. Ann. 691. But certainly the mere fact that the law dispenses with the entry of a preliminary default under certain circumstances does not deprive the judgment of its character as a judgment by default. In fact, in the case of Henry v. Bryce, supra, the court treated a similar judgment as being one by default rather than as one by confession, for the court, after stating the ruling in the case of Sturges v. Kendall, supra, showing that the entry of a preliminary default against the garnishee is unnecessary to obtain judgment against him, said: "It seems, therefore, to us that the neglect or refusal to answer the interrogatories within the time prescribed by law is equivalent to an actual default in

other cases." See, also, Victoria Lumber Co. v. Woodson, 13 La. App. 30, 127 So. 95.

Our conclusion is that the judgment rendered against the garnishee may be considered properly a judgment by default, and, since the clerk was authorized to render judgments by default, that the judgment, so far as relates to the authority of the clerk, is valid.

■ But plaintiff urges that, as the clerk rendered the judgment during the vacation period of the court, it is invalid. The right of the clerk to exercise the judicial powers vested in him is in no manner dependent upon whether the court is in session or not, or whether it is in vacation or not.

Finding no error in the judgment under review, it is affirmed.