TATE, Judge.
■The sole issue of this appeal is whether a judgment of garnishment holding a garnishee liable to the judgment creditor for the judgment debtor’s debt may be signed when the court is in vacation.
The plaintiff, having earlier in another court obtained a judgment against Coleman, filed in the Nineteenth Judicial District Court these garnishment proceedings under a writ of fieri facias against Jack’s Cookie Co., Inc., alleging that the said garnishee is indebted unto Coleman. See Code of Practice, Articles 246, 247, 262, and 263. Service of the petition for garnishment and the attached interrogatories was made upon the garnishee on September 2, 1959.
No answer being filed within the legal delay of ten days applicable (C.P. Art. 180), the plaintiff by ex parte motion moved for and obtained in “open court” on September 22, 1959 a judgment against the garnishee for the entire amount of its $382.26 judgment against Coleman, based upon C.P. Art. 263:
“If the garnishee, to whom interrogatories have been put, refuse or neglect to answer the same under oath in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands property belonging to the debtor, sufficient to 'satisfy the demand made against such debtor, and judgment shall be rendered against him for the amount claimed by the defendant (sic), with interest and costs.”
It is conceded that the regular term of the Nineteenth Judicial District Court is from October 1st through July 31st, and that consequently the judgment of garnishment herein of September 22, 1959, was signed when according to its rules the court was in vacation.
Able counsel for the plaintiff-appellee contends that a judgment of garnishment may be signed in vacation and that therefore the present judgment is valid, relying upon Winnfield Furniture Co. v. Peyton, 171 La. 519, 131 So. 657.
The .cited case did hold valid a judgment pro confesso rendered in vacation against the garnishee, in the absence of his timely answer to the .interrogatories. But, as the decision specifically notes, the judgment in question was one which was within the concurrent jurisdiction of justices of the peace and district courts (in general, where the amount in dispute does not exceed one hundred dollars, Art. VII, Sections 35 and 48, LSA-Constitution). For this class of cases our state constitution directs the legislature to provide a method of procedure and authorizes it to empower the clerk to render and to sign judgments by default or by confession (Art. VII, Section 37).
Act 223 of 1928, LSA-R.S. 13:3331-13:-3349, was enacted pursuant to such constitutional direction, and in the above-cited Winnfield Furniture decision the Supreme Court upheld a judgment of garnishment rendered by default or confession by the clerk pursuant to this statutory authorization, noting, 131 So. 658: “The right of the clerk to exercise' the judicial powers vested in him is in no manner dependent upon whether the court is in session or not, or whether it is in vacation or not.” (Italics ours.)
*267 This holding is consistent with the intent of the act to provide an expeditious and un-technical remedy for uncontested matters below one hundred dollars in value, requiring action by the judge “in open court” only in the event of contest or motion for a new trial. See LSA-R.S. 13:3336, 13:3337. The present case, however, is not one which is subject to the concurrent jurisdiction of the justices of the peace and of the district courts, and for which the informal and expeditious procedure used in the Winnfield Furniture case is available. The decision therein is therefore not applicable.
Under Code of Practice Art. 543 “All judgments must be rendered, read and signed by the judge in open court * * *» (Italics ours). Citing the constitutional provision that the district courts “shall hold continuous sessions during ten months of the year” (now Article VII, Section 43) and a statutory enactment regulating the term or session of the courts (now LSA-R.S. 13:501-13:503), our Supreme Court held that a matter required to be heard in open court could not be heard in vacation, stating: “It is thus made plain, both by the Constitution and the statute law, that there is a period during each calendar year * * * when the court is not legally in session, commonly called its vacation, and during which time no matter required to be heard in open court can be considered, except in such cases as may have been expressly provided by law,” Laenger v. Dendinger, 148 La. 190, 193, 86 So. 733, 734. See also Teacle v. Hughes, 146 La. 195, 83 So.2d 457. The signing of a final judgment by a judge is a judicial act which can only be performed in open court during term time; so that final judgments signed in vacation, in the absence of consent of the parties or statutory exception, are nullities. State ex rel. Illinois Central R. Co. v. Judges, etc., 48 La.Ann. 905, 19 So. 932; Green v. Marquette Cas. Co., La.App. 1 Cir., 79 So.2d 116. Cf. also, State v. Turner, 178 La. 927, 152 So. 567.
We are cited to no statutory authority for the signing in vacation of a judgment casting the garnishee for the amount claimed by the plaintiff-garnishor as due from the original defendant. Such a judgment is an appealable final judgment (H. L. Bain & Co. v. Oliphant, 124 La. 583, 50 So. 588), as contrasted with an order of garnishment designating a third party as garnishee and ordering him to answer interrogatories (cf., C. P. Arts. 246, 642), which may be signed in chambers or during vacation or even by the clerk of court (LSA-R.S. 13:904). See Comment, “Garnishment in Louisiana”, 18 La.L.Rev. 446 (1958), 467-468, 507-508.
It is true that in cases where wages or salaries are being garnished the court may hear all competent evidence “either in open court or in chambers” to determine the non-exempt portion of the employee’s compensation and whether unsatisfied writs of garnishment affect the non-exempt compensation, LSA-R.S. 13:3922; but the apparent purpose of such provision is to establish an expeditious procedure to determine the amount of wages which must be withheld from the judgment debtor’s compensation for the benefit of the judgment creditor, since the property rights of the judgment debtor in the possession of the garnishee are seized effective as of the date of service of the interrogatories upon the garnishee (C. P. Art. 642) and since it was desired to provide a continuing garnishment affecting future wages without the necessity of serving additional writs of garnishment and interrogatories upon the garnishee (LSA-R.S. 13:3921-13:3927, esp. 13:3923; Comment, “Garnishment in Louisiana”, above-cited, at 18 La.L.Rev. 506-7).
This statutory exception to the necessity for a hearing in open court is not applicable to the circumstances reflected by the present record. Neither it nor any .other provision called to our attention authorizes the signing in vacation of a final judgment holding a garnishee liable for the debt owed by the judgment debtor.
*268 For the reasons above set forth the judgment appealed from is a nullity, and the judgment of the trial court is set aside and reversed. The case is remanded for further proceedings in accordance with law.
Reversed and remanded.