GULOTTA, Judge.
Three matters are before the court consolidated on review relating to the validity of the issuance of stock certificates to Joseph Quaglino, Phillip Quaglino, and L. Philip Gardner by the Philip Quaglino Tobacco Company, Inc.
In the Succession of Quaglino, 232 La. 870, 95 So.2d 481 (1957) in proceedings involving the same parties or their duly authorized representatives [1] to this litigation now before us, the Louisiana Supreme Court annulled, set aside, and rescinded the sale of 46 shares of stock in the Philip Quaglino Tobacco Company, Inc. by Philip Quaglino, Sr., to Joseph Quaglino and Philip Quaglino. The Court ordered the transfer on the corporate books of the 46 shares of stock to Mrs. Josephine Fazzio Quaglino, Testamentary Executrix of Philip Quaglino’s estate and ordered that a certificate for those shares be issued to her. The Court stated:
“We do not agree with appellants’ contention that the corporation formed as stated above was a sham and a subterfuge. On the contrary we think that, insofar as this record shows, it was a legal and valid corporation formed under the laws of this state. Since the formation of the corporation was legal and valid, the legality of the action of its stockholders and board of directors increasing the capital stock from time to time, once before Philip Quaglino’s death and several times afterwards, followed in each instance by the issuance of additional stock to Joseph and Philip, Jr., is not before us in these proceedings. Any additional stock in the corporation received 'by these two appellees as a result of an increase of the capital stock of the corporation cannot be considered as a sale of stock by their father to them which the appellants can attack as being simulated. (Emphasis added.)
“As to the 46 shares owned by the father and transferred to these appellees a short time before his death, we think the appellants are on sound ground and have established that this sale was a pure simulation.” Succession of Quaglino, 232 La. 870, 881 and 882 ; 95 So.2d 481, 485 (1957).
In the original matter on appeal before us[2], plaintiffs-appellants seek to set aside the issuance of additional stock to the defendants-appellees in the Quaglino Tobacco Company, Inc. Their contention is *382 that these stock issuances were in violation of Article 19 of the Articles of Incorporation of the Tobacco Company. Article 19 reads as follows:
“It is agreed by the incorporators herein that additional stock can only be issued by majority vote of the stockholders of the corporation in which event said stock must be offered for sale first to the then stockholders.”
Appellants argue that in view of the decision of the Supreme Court setting aside the sale to appellees as simulated and ordering the stock to be returned to the appellants, any additional issuances of stock could not have been authorized by a majority of stockholders as required by the Articles of Incorporation and therefore the subsequent issuances were null and void.
Consolidated herein is a second matter [3] in which appellants seek a nullity of the judgment of March 26, 1970, which judgment maintained a plea of res judicata and plea of prescription to plaintiff's demand to set aside an additional issuance of stock.[4] Plaintiffs-appellants contend that the judgment of March, 1970, was erroneously predicated on a judgment of May 27, 1966 [5], maintaining a plea of res judicata on the question of the validity of the stock issuance, when the 1970 proceeding was in fact only one to make the judgment of the Supreme Court a judgment of the Civil District Court. Plaintiffs therefore contend that since the question of the validity of the additional stock issuance was not before the trial court in March, 1970, the trial court was, therefore, in error in maintaining the res judicata plea on this matter.
Also consolidated herein is a third proceeding[6] in which plaintiffs-appellants appeal from a judgment of the trial court dated October 14, 1970, wherein the trial court maintained an exception to a Petition for Nullity of Judgment in dismissing the petition. This action for nullity was sought to annul the judgment rendered on May 27, 1966, wherein exceptions of no right or cause of action and res judicata were maintained against plaintiffs, thereby dismissing plaintiffs-appellants’ demand for the issuance of additional stock equal to 46%2 interest in the Tobacco Company.
The issue before us is twofold. Firstly, we must determine whether the judgment of the trial court rendered March 26, 1970, was correct in maintaining the pleas of acquisitive prescription and res judicata and basing its holding upon the judgment of the Civil District Court dated May 27, 1966, which had dismissed plaintiffs’ demand for the issuance of additional stock equal to 4%2 interest in the Tobacco Company. We must secondly determine whether or not the judgment of the Court dated October 14, 1970, was correct in dismissing the Petition for Nullity and maintaining the exception of no cause of action.
In considering the question of whether the exception of res judicata was properly maintained, it is necessary to determine the effect of the earlier 1957 Supreme Court decision. The Supreme Court decision of 1957 set aside the simulated sale to the extent of ordering the 46 shares of stock returned to the succession. It did not consider the question of the subsequent issuances of stock, but on the contrary, specifically stated that matter was not before the Court at that time. We are of the opinion that appellees’ contention that the Supreme Court passed on the validity of the additional issuance of 937 shares of stock of the Tobacco Company is erroneous. Therefore, the decision of the Supreme Court cannot properly be relied upon as a basis for determining the validity or in *383 validity of the additional stock issuances. It is a well established principle that a plea of res judicata will he sustained only on showing that the thing demanded in the suit is the same as that demanded in a former suit, which embraces the same cause of action between the same parties, which was formed by them against each other in the same quality, and where the former suit has been decided by a final judgment from which there can be no appeal. Civ.Code. arts. 2286, 3556.
In the interpretation of these codal provisions the following jurisprudence has evolved and become firmly established:
“It matters not under what form, whether by petition, exception, rule or intervention, the question be presented, whenever the same question recurs between the same parties, even under a different form or procedure, the exception of res judicata estops.” (Emphasis added.) City Bank of New Orleans v. Walden, 1 La.Ann. 46, 47; Consolidated Association of the Planters of Louisiana v. Mason, 23 La.Ann. 618; Sewell v. Scott, 35 La.Ann. 553; Greenwood Planting and Manufacturing Company v. Whitney Central Trust & Savings Bank, 146 La. 567, 83 So. 832; Carbajal v. Bickmann, 192 La. 56, 187 So. 53.
“The estoppel extends to every material obligation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined therein.” Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Buillard v. Davis, 185 La. 255, 169 So. 78; Succession of Fitzgerald, 192 La. 726, 189 So. 116.
By its own declaration, the Supreme Court said it was not deciding on the subsequent stock issuances. In light of the jurisprudence and Codal provisions enunciating the doctrine of res judicata, it becomes apparent that since the question of the subsequent stock issuances was excluded from the purview of the 1957 Supreme Court ruling that decision could in no way have a res judicata effect on these issuances.
Thus, the question arises whether the validity of the judgment of the trial court of October 14, 1970, can be considered when no appeal has been taken from that judgment. In that judgment, the trial judge dismissed the Petition for Nullity which was filed on July 29, 1970, and which sought to annul a judgment of the trial court rendered May 27, 1966. In the 1966 judgment, the trial court, in maintaining the exceptions of res judicata and of no right or cause of action, dismissed plaintiffs-appellants’ demand for the issuance of additional stock equal to 46%2 interest in the Tobacco Company.
The trial judge was of the opinion that the issue involving the subsequent stock transfers had been decided by the Supreme Court decision, when in fact it had not. No appeal has been taken from that judgment, and in the absence of a timely appeal, the judgment becomes final.
It is the settled jurisprudence of the courts that,
“matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal.” (Emphasis added.) Heroman v. Louisiana Institute, 34 La.Ann. 805. See, also, Buillard v. Davis, 185 La. 255, 169 So. 78, and Metropolitan Bank v. Times-Democrat Pub. Co., 121 La. 547, 46 So. 622.
In the case of New Orleans v. Citizens’ Bank, 167 U.S. 371, 398, 17 S.Ct. 905, 914, 42 L.Ed. 202, the following was quoted from the Heroman Case:
“ ‘No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. *384 Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness.’ ”
Plaintiffs-appellants seek appellate review by this court of the aforementioned 1966 judgment of the trial court through a timely motion for appeal from a judgment dismissing a Petition for Nullity of the 1966 judgment on the grounds that the judgment was obtained by ill practices. Appellants rely on Article 2004 of the Code of Civil Procedure which provides:
“A final judgment obtained by fraud or ill practices may be annulled.
“An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
In connection with that article, plaintiffs-appellants allege in the Petition for Nullity of the 1966 judgment that the ill practices were discovered in March, 1970, when’ the trial court rendered a final judgment based on the former judgment of the trial court in 1966. However, this allegation is not one of ill practice but merely an allegation that the trial court was in error. Clearly, plaintiffs-appellants’ reliance on Article 2004 of the Code of Civil Procedure as the basis for the relief sought by the Petition for Nullity is not well founded. Plaintiffs-appellants allege that the judgment was in error and that they did not realize the effect and interpretation of the 1966 judgment until the trial court rendered the judgment in 1970 maintaining the plea of res judicata while predicating its judgment on the findings of the trial court in its 1966 judgment.
The Petition for Nullity thus addressed itself to the error of the trial court in basing its judgment erroneously on the decision of 1966. This subject must be properly brought by a timely appeal and is not the subject of a Nullity of Judgment. The proper grounds for nullity are contained in LSA-C.C.P. 2002, and these grounds are exclusive. It is now a well established principle that an action of nullity may not be substituted for or take the place of an appeal. Romero v. Galley, 79 So.2d 625, 627 (La.App. 1st Cir. 1955).
The Petition for Nullity of Judgment is, therefore, not well founded.
We now address the question of whether the trial court properly maintained the plea of res judicata and prescription in the judgment of March 26, 1970, based upon the judgment of the court of May 27, 1966.
The issues before the trial court in May, 1966, were the question of the issuance of additional stock in the Tobacco Company and additionally the question of the transfer to the succession of the original 46 shares of stock subject of the proceedings before the Supreme Court. The court rightly or wrongly passed on both issues. The language of the trial court in the judgment of May, 1966, is as follows:
“IT IS ORDERED by the Court that said rule be made absolute, insofar as to order the defendant in rule, Philip Quag-lino Tobacco Company, Inc., to transfer on its books to Eleanor Quaglino Scior-tino, Dative Testamentary Executrix of this Succession, the forty-six shares of stock set forth in the decision of the Supreme Court of Louisiana, made judgment of this Court, and to issue a certificate for said shares to said Testamentary Executrix, said certificate to be dated November, 1941.
“IT IS FURTHER ORDERED that the exceptions of no right or cause of action and res judicata filed by defendant in rule to the alternative demand for the issuance of additional stock equal to 4%2nds interest in Philip Quaglino Tobacco Company, Inc. be, and the same are hereby maintained, and said demand dismissed.”
*385 The parties before the court in 1966 were either the same parties or their representatives in the matter before the court on March 26, 1970, when the plea of res judi-cata was maintained. The issue was identical in both proceedings.
In view of the foregoing facts, we are of the opinion that the plea of res judicata in the judgment maintained in March, 1970, is well founded.
We cannot consider whether or not the judgment of the court maintaining the plea of res judicata in the judgment of May 27, 1966, is in error because no appeal was taken from that judgment and the petition to annul that judgment is not well founded and thus cannot be considered. See Fidelity and Casualty Company of New York v. Clemmons, 198 So.2d 695, (La.App. 1st Cir. 1967); Hawthorne v. Jackson Parish School Board, 5 La.App. 508; WWOM, Inc. v. Grapes, 158 So.2d 861, (La.App. 4th Cir. 1963), writ denied, 245 La. 645, 160 So.2d 230.
Accordingly, because we are of the opinion that the plea of res judicata in the judgment of March, 1970, is well founded thereby resulting in the dismissal of plaintiffs-appellants’ cause of action, we do not find it necessary to determine the question of the validity of the plea of acquisitive prescription.
Our determination of this case has the effect of dismissing the appeal as to all parties in interest; therefore, the Motion to Dismiss the appeal filed by L. Philip Gardner for the reason that he was not included in the appeal granted by the court below in the original proceeding[7] is now moot and requires no further consideration or determination.
Accordingly, the judgment of the trial court dated March 26, 1970,[8] maintaining the exception of res judicata is affirmed. The judgment of the trial court dated October 14, 1970,[9] maintaining the exception of no cause of action and dismissing plaintiffs-appellants’ Petition for Nullity of Judgment is also affirmed. The judgment dated October 14, 1970,[10] maintaining the exception of no cause of action dismissing the Petition for Nullity of Judgment is affirmed. Costs to be paid by plaintiffs-appellants.
Affirmed.

. The succession of Filippo Quaglino was represented in the proceedings decided by the Supreme Court on May 6, 1957, by Mrs. Josephine Quaglino, Testamentary Executrix, who is now deceased. The succession of Philip Quaglino is represented herein by the duly appointed Dative Testamentary Executor, Angelo J. Sciortino. The succession of Josephine Fazzio Quaglino is represented by Philip J. Sciortino, Testamentary Executor.

. Succession of Filippo Quaglino, Sr., and the Succession of Josephine Fazzio Quag-lino v. Joseph Quaglino, Philip Quaglino, Philip Gardner and Philip Quaglino Tobacco Company, Inc., Docket No. 4279.

. Succession of Filippo Quaglino, et al. v. Joseph Quaglino, et al., No. 4562 of the docket of this court.

. Succession of Filippo Quaglino, Sr., supra, Docket No. 4279.

. Succession of Filippo (or Philip) Quag-lino, Docket No. 4609.

. Succession of Filippo (or Philip) Quag-lino, No. 4609 of the docket of this Court.

. Succession of Filippo Quaglino, Sr., supra, Docket No. 4279.

. Ibid.

. Succession of Filippo Quaglino et al. v. Joseph Quaglino et al., No. 4562.

. Succession of Filippo (or Philip) Quag-lino, Docket No. 4609.