## COPLEY v. SNOW.

Where interrogatories propounded by a plaintiff to a garnishee do not disclose the amount of plaintiff's judgment, and it is not shown to have been otherwise notified to the garnishee, judgment cannot be rendered against him, on his failure to answer, for the amount of plaintiff's judgment.

Where a plaintiff, by whom interrogatories had been propounded to a garnishee, after a written motion to have them taken for confessed, goes to trial upon the merits, without requiring the action of the court upon his motion, and permits the garnishee to offer his answers in evidence, without excepting to their being received, the answers must be considered as uncontradicted, and judgment may be rendered in accordance therewith.

APPEAL from the District Court of Caldwell, *Barry*, J. *Purvis*, for the appellant. *McGuire* and *Ray*, for the garnishee. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff, having obtained a judgment against *Snow* and issued execution, propounded interrogatories to *Bres*, as garnishee. After the lapse of the time designated in the citation, the plaintiff obtained an order that the interrogatories be taken as confessed, and judgment against the garnishee. Upon motion for a new trial, accompanied by answers to the interrogaries, the judgment was set aside. The cause being afterwards heard upon the merits, there was judgment in favor of the garnishee, from which the plaintiff has appealed.

It is said that the court erred in setting aside the judgment against the garnishee, and in permitting him to file his answers to the interrogatories. Whether, under ordinary circumstances, the neglect of the garnishee would have been irremediable, it is unnecessary to decide. The judgment which condemns the garnishee was clearly erroneous; because the interrogatories did not disclose the amount of the plaintiff's judgment against *Snow*, nor had it been otherwise notified to him.

After the answers were filed, the plaintiff filed a written application that the interrogatories might be taken as confessed, upon the ground that, the answers were not specific, but uncertain and insufficient. Subsequently the cause was continued from time to time, and was at length, as it would seem, tried upon the merits, the plaintiff offering in evidence portions of the proceedings in the cause, and the garnishee his answers to interrogatories, to the introduction of of which in evidence no exception was taken. These answers deny any indebtedness to *Snow*. The interrogatories were propounded in general terms, and the answers were expressed in a similar manner.

We are not prepared to say that, the plaintiff was entitled to a more detailed account of the transactions of *Bres* with *Snow* in answer to the interrogatories as propounded. But if he were, he should, instead of going to trial upon the merits, have required the action of the court upon the motion already noticed, which does not appear to have been notified to the garnishee, nor passed upon by the court; or he should have excepted to the introduction of the answers in evidence. Standing uncontradicted, they justify the judgment rendered in favor of the garnishee. *Judgment affirmed.*