Low & Whitney *v.* Proctor & Thomas.

The record not disclosing any interest in the garnishee, in the result of the suit between plaintiffs and defendants, he is considered a mere stake-holder, and not entitled to demand service of the interrogatories taken out by plaintiffs.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Mott & Fraser*, for plaintiffs. *V. F. & J. B. Cotton*, for defendants and appellants.

Land, J. This suit was commenced by attachment, for the recovery of $619 38, and *James Turner* was made a party garnishee, who, in answer to the interrogatories propounded to him, says : " In the months of February and March, I received for, and on account of *Proctor & Richardson*, of Rockport, Indiana, sixteen hogsheads of tobacco, all of which I sold on the 27th day of February, 1858, for the sum of $1488 92. Five hogsheads I also still hold for *Proctor & Richardson*, and are now worth about $550. I do not know whether the *Proctor*, of the firm of *Proctor & Thomas*, of Yelrington, Kentucky, is the same man who is of the firm of *Proctor & Richardson*, of Rockport, Indiana, or entirely different persons."

The answer of the garnishee raised a question of identity of person between plaintiffs and defendants. The evidence satisfied the District Judge, that *Proctor*, the partner of *Thomas*, was also the partner of *Richardson*, and he rendered judgment against him for the amount claimed in the petition, with privilege on the property attached.

The plaintiffs afterwards took a rule on the garnishee, to show cause why he should not pay the amount of the judgment, interest and costs against the defendants. The rule was made absolute, and the garnishee has appealed.

The plaintiffs caused a commission to issue for the purpose of taking testimony, to prove the identity of the defendant, and the existence of the debt ; and the garnishee contends that the testimony was improperly received, because the interrogatories and notice to cross the same, were served only on the curator *ad hoc*, appointed to represent the defendant, and not on himself.

The counsel for the garnishee, has furnished us with no authority in support of the position on which he relies for a reversal of the judgment. The record does not disclose any interest in the garnishee, in the result of the suit between plaintiffs and defendants, and he was, therefore, a mere stake-holder, and not entitled to demand service of the interrogatories taken out by the plaintiffs.

When the rule was taken on the garnishee to show cause why he should not be condemned to pay the judgment rendered against the defendants, he had an opportunity of raising the question of identity, contradictorially without the plaintiffs, which, however, he declined to do.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.