(50 South. 588.)

No. 17,814.

H. L. BAIN & CO. v. OLIPHANT.

In re MORRIS & DICKSON CO., Limited.

(Oct. 18. 1909.)

1. Appeal and Error (§ 124*) — Decisions Reviewable — Default Judgment—Right of Garnishee to Appeal.

Though the failure of a garnishee to answer in a justice's court (or in city court of Shreveport) may be taken as an acknowledgment that he is indebted to the plaintiff in execution, and judgment may thereupon be rendered against him, such presumed admission of indebtedness is not a confession of judgment, in such sense to deprive the garnishee of his right of appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 882; Dec. Dig. § 124.*]

2. Mandamus (§ 57*)—Grounds of Relief—Reinstatement of Appeal.

Mandamus may issue to compel the reinstatement of an appeal improperly dismissed.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 120; Dec. Dig. § 57.*]

(Syllabus by the Court.)

Action in the city court of Shreveport by H. L. Bain & Co. against Zach Oliphant. Plaintiff obtained judgment, and thereafter, under execution, garnished the Morris & Dickson Company, Limited, against whom judgment was rendered pro confesso. The Mor-

ris & Dickson Company, Limited, thereupon appealed to the district court, where the appeal was dismissed, and then it applied for writs of certiorari and mandamus to reinstate the same. Peremptory writ of mandamus granted.

Blanchard, Barrett & Smith, for relator. J. H. Stephens, Jr., for H. L. Bain & Co.

MONROE, J. Plaintiff obtained judgment against the defendant (Oliphant) in the city court of Shreveport for an amount aggregating, with interest and costs, $140.56, and thereafter, under execution, garnished Morris & Dickson Company, Limited (the relator now before this court); and, it failing to answer within the delay allowed, judgment was rendered against it, pro confesso. It thereupon (two days later) moved that the judgment so rendered be set aside and a new trial granted, on the grounds that it owed defendant nothing; that its president is mayor of Shreveport, and "a very busy man"; that he gave the papers in the case to the bookkeeper, and, they not having been returned to the president, he inadvertently failed to give the matter any further consideration. The new trial was refused, and relator appealed to the district court, where plaintiff moved to dismiss, on the ground that an appeal does not lie from a judgment pro confesso, and, the motion having been sustained, the appeal was dismissed. Having applied, in vain, for a rehearing, relator now prays that this court issue a writ of mandamus directing the district court to reinstate the appeal. The judge of the district court answers that no appeal lies from a judgment by confession—

"and that the appeal in the instant case was from a judgment of the city court, rendered against the garnishee pro confesso, said garnishee having failed to answer the garnishment process served on him, and that, according to article 1123, Code Prac., such failure, or refusal to answer shall be considered as an acknowledgment of indebtedness to the defend-

ant in a sufficient sum to discharge the demand, and judgment shall be rendered against him in favor of the plaintiff."

There can be no doubt that, under the article cited, the failure of the garnishee to answer authorizes a presumption upon the basis of which a judgment in favor of the seizing creditor may be predicated. But Act 226, p. 343, of 1908, provides that:

"Appeals from the judgments rendered by justices of the peace, in civil matters, * * * shall be allowed irrespective of the amount in dispute. * * *"

And there is nothing in the text of the law anywhere, so far as we are informed, which denies the right of appeal in such cases to the garnishee who is condemned by reason of his failure to answer.

It is true that Code Prac. art. 567, provides that the party against whom.judgment has been rendered cannot appeal:

"(1) If such judgment has been confessed by him, or if he has acquiesced in the same by executing it.
"(2) If he has suffered the time prescribed by law for appealing to elapse."

But article 567 applies "only to the district and parish courts" (Code Prac. art. 124), and there is no such article under title 4, "Of Proceedings Before Justices of the Peace." It appears that relator has neither acquiesced in the judgment of the city court nor allowed the time prescribed by law for appealing to elapse, and that it could, therefore, be denied its appeal only upon the theory that it has confessed judgment. The most, however, that can be said upon the subject, is that its failure to answer certain interrogatories, inquiring whether it was indebted to defendant, was taken as an admission that it was so indebted. But a mere admission of indebtedness, though constituting a proper basis for a judgment, is not altogether the same thing as a judgment, and still less is that the case where the admission is not made as a fact, but arises from a presumption established by law and based upon acts or omissions which may have been caused by error, inadvertence, or misfortune.

It may happen, too, that a garnishee, for failing to answer, has been condemned in a case in which no legal service, or no service at all, has ever been made on him.

We are therefore of opinion, that relator's appeal was improperly dismissed, and it is accordingly ordered, adjudged, and decreed that the alternative writ of mandamus, heretofore issued, be now made peremptory, that the relator's appeal be reinstated in the district court, and the case thereby presented heard and decided in due course.