Plaintiff rendered service as a laborer to defendant during the month of October, 1940, and at the end of the month there was due him $50.33. He was discharged on November 1st, at which time he demanded payment of wages due him. Prior to his discharge, on each pay day, he also demanded such payment. In each instance payment was refused. He thereafter instituted this suit to recover the $50.33, and, availing himself of the beneficent provisions of Act 138 of 1936, sued for wages from the date of his discharge to the time suit was filed, a period of 91 days at $2.82 per day, and attorney's fee.
Answering, plaintiff avers that defendant was discharged and his demands for payment of wages refused because it had been at different times, during the month of October, served with three garnishment processes under judgments against him, and had been ordered by the court issuing said garnishments to pay over to it any and all amounts due plaintiff; all of which facts were at time of each demand for payment, communicated to plaintiff.
Further answering, defendant says that in obedience to the first garnishment process served on it and to comply with the court's order thereon, the wages due plaintiff on October 12th, the sum of $19.54, were paid over to said court, but that the remainder of wages due him, $30.79, remains in defendant's hands subject to the orders of court.
There was judgment ordering defendant to pay to plaintiff said $30.79, but in all other respects his demand was rejected. Defendant was cast for costs. Plaintiff appealed. Defendant does not complain of the judgment, but, on the contrary, asks its affirmance.
The case was tried and submitted upon an agreed statement of facts. The allegations of fact contained in defendant's answer, an epitome of which we above set forth, are admitted to be true. Only questions of law are tendered for solution.
Plaintiff is a resident of Ward Two (2) of Webster Parish. He worked for defendant's manufacturing plant in Webster Parish. Defendant's domicile and that of its agent for process is in Ward Four (4) of Morehouse Parish. Three creditors of plaintiff obtained judgments for small amounts against him in the Justice of the Peace Court of his domicile, the aggregate of which was considerably less than one hundred ($100) dollars. Writs of fieri facias directed to the Justice of the Peace of Ward Four (4) of Morehouse Parish, issued on each of said judgments and that official issued garnishments thereon, impleading defendant as garnishee. The constable of the ward made the service and seizure. This was prior to filing the present suit.
It is well settled that when a garnishment has as its basis a fieri facias, the process must issue from a court of the garnishee's domicile; but when a garnishment accompanies a writ of attachment, it may lawfully issue only from a court of defendant's domicile.
In brief plaintiff submits that the following propositions are tendered for decision, to-wit:
1. Did the Justice of the Peace of Ward Four (4), Morehouse Parish, have jurisdiction to issue and maintain the garnishments involved herein, and render judgments ordering the garnishee to pay over the funds belonging to plaintiff?
2. Is the garnishee protected by a judgment rendered by a court devoid of jurisdiction ratione materiae? And can he interpose this judgment as a defense to the demand for wages?
It is the contention of plaintiff that the District Court of Morehouse Parish solely had authority to issue garnishment processes on writs of fieri facias based upon said judgments; that there is no law whatever *Page 785 
which authorizes the Justice of the Peace to do so, and, therefore, it was without jurisdiction ratione materiae.
If proposition one is answered in the affirmative, this will dispose of the first question propounded in proposition two, because it will have been held that the judgment or judgments referred to were rendered by a court of competent jurisdiction; and therefore the second question of proposition two becomes moot.
In support of his position, plaintiff cites and relies upon Article 1070 of the Code of Practice, which, so far as pertinent, we quote:
"Justices of the peace shall not hold, exercise or entertain jurisdiction in any civil matter where the defendant does not reside within the limits of his ward, except in the cases (1) of strangers, who chance to be there; (2) of joint or solidary obligors, who may be cited at the domicile of any one of them; (3) where any corporation shall commit trespass or do anything for which an action of damages lies, in which event such corporation may be sued in the ward where such trespass is committed or damage done; * * *."
Following the quoted portion of this article, are several exceptions, none of which is within the facts of the present case.
Obviously, this article has reference to cases wherein personal service is necessary to investiture of jurisdiction over the defendant. The article is complementary to Article 1069 preceding. The two simply announce the general rule that a defendant must be sued in the forum of his domicile. They correspond to Article 162 of the Code of Practice which primarily has application to courts of original jurisdiction superior to that of Justice of the Peace.
Plaintiff has not been sued in Morehouse Parish. The suits against him have been closed by rendition of judgments which are now res judicata. Seizure of his property in a jurisdiction other than his domicile has been made under the judgments. To effectuate the seizures, garnishments were necessarily employed. There would be very little difference, legally speaking, if tangible property had been seized without the necessity of garnishments. Surely, plaintiff's property, not exempt from seizure, wherever found in the state, may be subjected to payment of the judgments. Garnishment, to effectuate a seizure, is merely a cumulative and auxiliary remedy.
It is true, as argued, that the articles of the Code of Practice dealing with Justice of the Peace Courts, (Nos. 1060 to 1155) do not expressly confer upon such courts power to do that which was done by the court of Ward Four (4) of Morehouse Parish in the present instance; neither do these articles expressly provide that a Justice of the Peace who has rendered a judgment has the power to issue garnishment process in an effort to collect the judgment. But it will scarcely be contended that he has no such power. If such a court is vested with the right to issue garnishment process there must be some law warranting it. We think there is.
It is our opinion that the Justice of the Peace Court of Morehouse Parish was vested with jurisdiction of the subject matter by Section 48 of Article VII of the Constitution, which reads:
"Justices of the peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest * * *".
It is conceded that the District Court of Morehouse Parish has jurisdiction to issue garnishments in cases of this character regardless of the amount involved. This is not debatable. Under this Constitutional provision the Justice of the Peace Courts have concurrent jurisdiction with the District Courts in "all civil matters when the amount in dispute shall not exceed one hundred dollars", and within that limitation their powers are co-extensive with those of District Courts. It was optional with the judgment creditors as to the court in which they would proceed.
Article 1152 of the Code of Practice lends support to what we here say. It reads as follows:
"Justices of the peace possess all such powers as are necessary to exercise the jurisdiction conferred on them, in cases where no express provision has been made by this Code."
One of the powers reposed in Justice of the Peace Courts is that of recognizing and executing, within jurisdictional limits, writs and other processes issued by courts of other parishes, including writ of fieri facias. H.L. Bain Company v. Oliphant,124 La. 583, 50 So. 588, inferentially, at least, supports our views.
We, therefore, conclude that the Justice of the Peace Court of Ward Four (4) *Page 786 
of Morehouse Parish was vested with jurisdiction to issue the garnishment processes and that all proceedings had thereunder are valid.
The argument is advanced that even though the garnishment proceedings were valid, the garnishee should not have refused payment of the demand for wages due because the same are exempt from seizure for debt under Article 644 of the Code of Practice as amended; that the service of the process and seizure thereunder afford no defense for such refusal and that, therefore, the penalties provided by Act 138 of 1936 should be imposed.
Plaintiff was advised at each payday and when discharged that his wages had been seized. He continued to work for the garnishee and made no effort to have the seizures released. He was advised that if he would do so the wages would be paid to him. His inaction and continuance to work were calculated to create in the mind of the garnishee the assumption that he intended to labor until the debts were paid. Fortunately for him, the garnishee did not pay over all his earned wages.
It was not the duty of the garnishee to assert for plaintiff the exemption he now claims, nor to any extent plead for him. Whether he would avail himself of the benefits of the law was a matter which addressed itself to him personally. The garnishee was unconditionally ordered to answer the interrogatories propounded to it and to pay over to the court any amount in its hands due to plaintiff.
The garnishee is a qualified defendant, a mere stakeholder, who has been involuntarily drawn into the litigation and whose duty it is to strictly comply with the orders of court served upon him. He is not required as a condition precedent to paying over funds or surrendering property of a defendant to investigate the regularity or legality of the proceedings. This duty devolves strictly upon the debtor. E. Marqueze Co. v. C.O. LeBlanc, 29 La.Ann. 194; Low Whitney v. Proctor Thomas, 14 La.Ann. 373; C. T. Schindler v. Smith, Bullins Company, 18 La.Ann. 476.
It can not be said that defendant's refusal to pay to plaintiff the wages due him was arbitrary, nor actuated by ill motives. Its position was imparted to him several times. In these circumstances, the drastic penalty provisions of Act 138 of 1936 should not be imposed. This act, it has been held, does not preclude equitable defenses against its literal enforcement. Each case must stand upon and be determined from its own facts. Deardorf v. Hunter, 160 La. 213, 214, 106 So. 831; Williamson v. National Benefit Life Insurance Company, 16 La.App. 451, 133 So. 515; Patterson v. Lumberman's Supply Company, Inc., La.App., 167 So. 471.
We find no error in the judgment appealed from and it is hereby affirmed.
DREW, J., is recused.