MILLER, Judge.
Howard Construction Company, Inc. brought this action to annul a judgment casting it under LSA-CCP Art. 2413 for failure to answer garnishment interrogatories and its failure to answer a contradictory motion seeking the amount of an unpaid judgment, with interest and costs. *926 Howard appeals the trial court judgment dismissing the action in nullity. We affirm.
On March 23, 1967, Edward Huval (defendant in this suit) obtained judgment against Howard’s employee Roy Segura awarding damages resulting from an automobile accident. Garnishment proceedings were instituted July 19, 1967, and the petition and interrogatories were served on Howard July 24, 1967.
When the interrogatories had not been answered by September 6, 1967, Huval obtained an order ruling Howard into court
“to show cause on the 4th day of October, 1967, why judgment should not be rendered herein against it for the amount of the unpaid judgment in these proceedings, together with interest and costs as well as attorney’s fees.”
Nothing was served on Howard stating the amount of the unpaid judgment against Segura which Huval sought to recover from Segura’s employer Howard.
Howard failed to plead or appear at the October 4, 1967 hearing and judgment was rendered against it in the sum of $1,438.18 plus interest at 5% per annum from December 30, 1966, until paid, together with court costs and $50 as attorney’s fees. This judgment was served on Howard on October 11, 1967. There was no appeal.
On February 11, 1970, Howard filed this action in nullity to set aside the October 1967 judgment. The trial court held that Howard failed to meet the requirements of LSA-CCP Arts. 2002 or 2004, which list the grounds for which judgments may be annulled. We agree.
Appellant contends that the judgment is null because no claim had been made on Howard for a specific amount. LSA-CCP Art. 2413 provides that:
“ * * * the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
“Judgment shall be rendered against the garnishee on trial of the motion unless he proves'" "that he had no property of and was not indebted to the judgment debtor. * * * ”
In this case the “amount of the unpaid judgment” was not specified in the interrogatories or in the contradictory motion. Howard was not served with any pleading or notice stating the amount of Huval’s claim until Howard received the Notice of Judgment on October 11, 1967.
Appellant cited twelve cases to support its contention that plaintiff is bound by the allegations of its petition; that evidence received in proving up a default cannot enlarge the cause of action. Among those cited are Craver v. Gillespie, 148 La. 182, 86 So. 730 (1920) and National Blow Pipe & Manufacturing Co. v. Ipik Door Company, 217 So.2d 678 (La.App. 4 Cir. 1969). These and the other cases were before the Court on appeal of the judgment, and were not actions in nullity. We distinguish these cases on that basis.
Appellant argues that the failure to specify the amount claimed in the petition, in the interrogatories or in the contradictory motion, render null the judgment taken against the garnishee. Copley v. Snow, 4 La.Ann. 521 (1849).[1] There the trial court granted a new trial and set aside the judgment against garnishee. The Supreme Court affirmed the trial court’s holding that the judgment against garnishee was erroneous (not null) because the *927 interrogatories did not disclose the amount of plaintiff’s judgment against the original judgment debtor. This case was also on appeal.
The judgment against Howard was served on Howard on October 11, 1967. As of that date Howard was charged with knowledge of the amount of the judgment against it. The judgment was not granted on confirmation of default, but on a contradictory motion.
We concur in the trial court’s ruling that the requirements for an action in nullity have not been met. Howard did not allege “fraud or ill practices”. Therefore LSA-CCP Art. 2004 does not apply.
LSA-CCP Art. 2002 provides:
“A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.”
None of these provisions apply. The judgment was served on Howard and there was no appeal.
Howard has not alleged grounds on which the judgment can be annulled. The trial court’s judgment is affirmed. Costs are assessed to appellant.
Affirmed.

. Appellant also discussed National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234 (1925), and Sturges v. Kendall, 2 La.Ann. 565 (1847). These cases are distinguished. The first involved an unliquidated claim. The second was concerned with an attachment.