PROVO STY, J.
Article 117 of the Constitution provides that:-
“District courts shall hold continuous sessions during ten months of the year. In districts composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require. The district judge shall have the authority to try at any time all misdemeanors.”
Act 163 of 1898, p. 320, provides, as follows :
“Sec. 2. That in districts composed of more than one parish the judge shall sit alternately in each parish and the session from one parish to the other shall be continuous; provided, that no session in any parish of a district shall be fixed for less than one week or m’ore than three weeks, as the public business may require. The district judge shall, by an order of court, fix a date for the holding of the sessions in each parish, which order shall be entered on the minutes of the court and published at least three times in the official paper, in each parish; and after being so fixed, no change shall be made in such order within less than one year thereafter.
“See. 3. That it is the intent and meaning of article 117 of the Constitution that district courts shall always be open and the proceedings held to be in open court, while the judge is on the bench, and that the fixing of the sessions in districts composed of more than one parish shall not affect the authority or duty of the judge to sit at any time in any of the parishes of his district when the public interest may require it.”
By order, duly published, the district judge of the district composed of the parishes of Acadia and Lafayette fixed the terms of his court in accordance with the provisions of these laws. He reserved the months of August and September for his vacation.
During vacation, the district attorney filed an information in the district court for the parish of Acadia against the relator herein, under Act 183 of 1910, which makes it a misdemeanor to pollute or contaminate the waters of the canals used in irrigating rice fields, and, in like manner during vacation, the judge opened his court for the trial of the case. The relator filed an exception to the jurisdiction and power of the court to try the case in vacation. The plea was overruled, and the relator sued out the present application to this court for the writ of prohibition, to prevent the judge from proceeding with the trial of the case in vacation.
The application is frivolous, for the very good reason, among others, that the Constitution expressly provides that “the district judges shall have the authority to try at any time all misdemeanors.” In the case of State v. Richard Colbert (No. 19,018) 56 South. 273,[1] recently decided, the offense involved was a felony, and therefore did not come under the said provision of the Constitution.
The rule nisi is therefore recalled, and the present application is dismissed, at the cost of the relator.
BREAUX, C. J., dissents.

 Ante, p. 326.