had not been filed, plaintiff's property would have been sold under the former ordinance, unless the taxes had been paid.

We find it unnecessary to determine the other issues.

For the reasons assigned, the judgment appealed from is annulled and reversed, and it is now ordered, adjudged, and decreed that the defendant be, and is hereby, perpetually enjoined from proceeding further with the advertisement and sale of plaintiff's property under the ordinance and tax levy of November 29, 1915; defendant to pay all costs.

(83 South. 457)

No. 23778.

TEACLE v. HUGHES, Sheriff, et al.

In re TEACLE.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⟡69—INJUNCTION ⟡164—NO TRIAL OUT OF TERM TIME SAVE BY CONSENT.

Except by consent a case cannot be tried out of term time, and trial in vacation of a rule to show cause was no trial, and the legal situation is as if it had not taken place and the injunction involved been dissolved ex parte.

2. INJUNCTION ⟡170—DISSOLUTION EX PARTE IN "EXTREME CASES."

An injunction granted inadvertently or improvidently may be dissolved ex parte, but only in extreme cases, meaning only in cases where the injunction was manifestly granted improperly, and its continuation until hearing in due course might cause great injury.

3. CERTIORARI ⟡5(1)—MANDAMUS ⟡4(3)—PROHIBITION ⟡3(3)—DETERMINATION OF PROPER MODE TO DISSOLVE INJUNCTION TO BE MADE ON APPEAL.

Whether the proceeding to dissolve injunction by rule to show cause instead of by the usual motion to dissolve is proper is a matter which can be determined on appeal, and will not be considered on application for writs of certiorari, prohibition, and mandamus after dissolution.

Suit between T. C. Barrett and another, wherein Mrs. Caroline Teacle and others were cited as defendants, and, writ of possession having issued at the instance of Barrett, the other defendants applied for injunction, which was granted, but dissolved on rule to show cause, and Mrs. Teacle and others apply for writs of certiorari, prohibition, and mandamus. Writ of mandamus ordered to issue directing the trial judge to reinstate the injunction.

Scheen & Blanchard, of Shreveport, for applicant.

PROVOSTY, J. A suit was brought against T. C. Barrett by a neighbor for fixing the boundary between their lands. In his answer to the suit he conceded the necessity of the boundary line being established, but alleged that whatever land the line thus to be fixed might take from him he would be entitled to a like quantity from his neighbor on the other side, Mrs. Teacle and her children, the relators in the instant proceeding, and he asked that the line be at the same time fixed as between him and them, and that they be cited. They joined in the suit; their defenses being: First, that the line between Barrett and them was already established, and hence did not need to be established anew; and, secondly, the prescription of 30 years acquirandi causa. These issues, so far as appears from the present record, were tried, and were determined by final judgment against the present relators. A writ of possession then issued at the instance of Barrett for putting him in possession of that part of the land on his side of the line as established in said suit between him and relators. Against this writ the relators applied to the learned respondent judge for an injunction, alleging that there had been no judgment, and that they were being illegally ousted of their possession. The respondent judge granted the injunction. Then Barrett

took a rule on the relators to show cause why the injunction should not be dissolved, for the reason that there had been a final judgment already rendered on the issues sought to be raised by the injunction. This rule was thus taken in vacation time, and it was fixed for a hearing in vacation time; and, over the objection of relators, to the effect that an injunction could not be thus dissolved by summary process, but had to be tried in due course of ordinary proceedings, and especially could not be tried in vacation, the rule was tried, and the injunction was dissolved. The relators thereupon applied to this court to compel the reinstatement of the injunction.

[1] Except by consent a case cannot be tried out of term time. State v. Colbert, 129 La. 326, 56 South. 273; State v. Hincey, 129 La. 636, 56 South. 620; Page v. Pinckard, 140 La. 254, 72 South. 955; Baltimore & Ohio Telegraph Co. v. La. W. R. R., 39 La. Ann. 659, 2 South. 67. In this last case the court said:

"The full and complete organization of the courts and the terms thereof are provided and fixed by law. These terms are thus fixed for the trial of all cases and suits instituted before the court. They cannot under the elementary and positive provisions of the law be tried at any other than the regular term of the court, except in special instances expressly declared."

The trial out of term time was therefore no trial; and, as a consequence, the legal situation is as if the injunction had been dissolved without a trial, or hearing, or, in other words, ex parte.

[2] An injunction granted inadvertently, or improvidently, may be dissolved ex parte, but only "in extreme cases" (State ex rel. Lehman v. Judge, 46 La. Ann. 173, 15 South. 283), by which is meant only in cases where the injunction was manifestly granted improperly and the continuation of it until a hearing of it could be had in due course might cause great injury. Except in such "extreme" cases the rule is that an injunction cannot be dissolved ex parte. See same case of Lehman v. Judge and Department of Conservation v. La. Gas & Fuel Co., 144 La. 962, 81 South. 454.

While, possibly, in this case the injunction should not have been granted, there is no showing made that any great injury would or might result to the defendant Barrett in allowing things to take their due course.

[3] Whether the proceeding by rule instead of by the usual motion to dissolve in a proper mode of proceeding is a matter which can be determined on appeal, should there ever be one in the case, and which therefore will not be considered on the present application.

It is therefore ordered that a writ of mandamus issue to the trial judge, Hon. John R. Land, judge of the district court of the parish of Caddo, ordering and directing him to reinstate the injunction herein, and that the defendant T. C. Barrett pay the costs of the present application to this court.

O'NIELL, J., concurs in the decree, but not in the idea that there is or can be a difference between proceeding by motion and proceeding by rule to dissolve an injunction.