(101 So. 726)

No. 26315.

## STATE v. GANI et al.

(April 30, 1924. Rehearing Denied Nov. 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬅═575—**Overruling defendant's objection to be tried during summer recess or out of term held proper.**

Trial judge's ruling in not maintaining defendant's objection to be tried during summer recess or out of term *held* proper.

2. **Criminal law** ⬅═595(4)—**Refusal of continuance proper, where facts to be proved by absent witnesses inadmissible.**

Where facts sought to be proved by absent witness were inadmissible, since they charged that state witness was himself guilty of selling intoxicating liquors, there was no error in refusal of continuance.

3. **Fines** ⬅═12—**Punishment of 60 days in jail and $500 fine, with alternative penalty in default of payment of fine, held valid.**

In prosecution under Acts 1921, No. 39, for selling intoxicating liquors, sentence of 60 days imprisonment and fine of $500 and costs, or in default of payment of fine and costs confinement in jail for additional six months, was authorized under Rev. St. 1870, § 980, as to fine but not as to costs.

4. **Criminal law** ⬅═1090(1), 1129(1)—**Patent errors on record noticed without bill of exceptions or assignment of error.**

If error is patent on face of record, it may be noticed without bill of exceptions or formal assignment of error.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thos. F. Porter, Jr., Judge.

Robert Gani and another were charged with violation of the prohibition law and from conviction of selling intoxicating liquors for beverage purposes, defendant named appeals. Affirmed.

A. R. Mitchell, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Dist. Atty., of Lake Charles, and John J. Robira, Asst. Dist. Atty., of Jennings (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE J. Robert Gani appeals from a verdict convicting him of selling intoxicating liquors for beverage purposes in violation of the provisions of Act 39 of 1921. He relies upon three bills of exception:

[1] Bill No. 1 was taken from the ruling of the trial judge in not maintaining defend-

ant's objection to be tried during the summer recess of the court or out of term time. The judge's ruling was in accordance with the decision of this court in State v. Hincey, 129 La. 636, 56 So. 620.

[2] Bill No. 2 was taken from the judge's refusal to grant a continuance. Defendant had applied for a continuance on the ground that two of his witnesses were absent and, as we understand the statement of facts by the judge, that he expected to prove by these two witnesses that one of the state's witnesses was engaged in the business of selling intoxicating liquors. Defendant did not contend that the state's witness had sold the liquor that was the cause of this prosecution, but simply wished to attack the testimony of the state's witness by showing that the state's witness was himself guilty of selling intoxicating liquors. Nor did defendant contend that the absent witnesses would testify that the general reputation of the state's witness for truth and veracity was bad.

The facts sought to be proved by the defendant's absent witnesses were inadmissible, for otherwise the court would have had to turn aside from the trial of defendant in order to go into the trial of the state's witness and ascertain if the latter had sold intoxicating liquors. Evidence of general reputation for truth and veracity might have been admissible in order to affect the credibility of the state's witness, but defendant did not disclose such a purpose in requiring the presence of the two absent witnesses.

Bill No. 3 is to the refusal of a new trial for the reasons assigned in bills Nos. 1 and 2, and presents no new ground for reversal.

[3, 4] Counsel in brief calls our attention to the fact that the trial judge has imposed a penalty greater than that provided by the statute under which defendant was convicted. The punishment inflicted on defendant is 60 days' imprisonment in the parish jail and payment of a fine of $500 and costs, or in default of payment of the fine and costs confinement in the parish jail for an additional six months. If the sentence thus imposed is error, the error is patent on the face of the record, and may be noticed without a bill of exception or formal assignment of error. State v. Kierson, 140 La. 32, 72 So. 799. The judge no doubt imposed the additional alternative penalty by virtue of section 980 of the Revised Statutes, which authorizes, when a person is adjudged to pay a fine, a sentence to imprisonment for a period not exceeding one year in default of payment or recovery of the fine. Of course, the judge had no right to inflict an alternative penalty in default of payment of the costs, but he did under the cited section of the statutes have the right to impose the alternative penalty in case the fine of $500 should not be paid.

The pertinency of that statute to a case of this kind was recognized in the case of the State of Louisiana v. Doras Hebert, 158 La. ——, 103 So. 742, No. 26165 of the docket of this court.

For these reasons, the judgment appealed from is affirmed.

Rehearing refused by the WHOLE COURT.