BARHAM, Justice,
is of the opinion the relator should be granted relief by ordering the trial court to render a full final judgment.
On Application for Writs
To written reasons for judgment which conclude that plaintiff suffers total disability under the Workmen’s Compensation Act, the trial judge adds an “order” or “adjudication” which demands that defendant pay “all” medical expenses of . a remedial surgical procedure, although he has *269 made no “adjudication” of compensation for disability. There is no award of compensation, no order for plaintiff to submit to remedial surgery, no order awarding medical expenses, no order limiting the expenditures defendant is to incur for the surgery, no order cancelling compensation in event of plaintiff’s failure to submit to surgery, no order limiting surgical expenses to basic limits, and no finding of undue hardship to sustain an award of expenses in excess of basic statutory limits. In sum, there is no definitive judgment or order permitted by the Workmen’s Compensation Act. There is nothing from which to appeal; and if defendant submits tc this so-called “order” as it stands, it has been deprived of the right of review. Defendant should not comply with the so-called order until a judgment is rendered in compliance with the Workmen’s Compensation Act and Code of Civil Procedure Articles 1917 and 1918. From such a judgment it could exercise its right of appeai. All determination of disability in Workmen’s Compensation cases may be altered if the plaintiff’s disability is removed, and he cannot be harmed by a full final judgment at this time. Surgery for removal of a disability is an alternative requirement to payment of benefits only under certain unusual circumstances. Judgments ordering such procedures should carefully comply with the law.