274 So.2d 442 (1973)
Calvin L. MARTIN
v.
AMERICAN BENEFIT LIFE INSURANCE COMPANY.
No. 9224.
Court of Appeal of Louisiana, First Circuit.
February 28, 1973.
*443 Richard Boutall and A. J. Graffagnino, Graffagnino & Perez, Metairie, for appellant.
Joshua A. Tilton, Baton Rouge, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
BLANCHE, Judge.
This is an appeal by defendant from a judgment purporting to award plaintiff certain benefits under a disability income insurance policy and other relief. At the outset we note that the judgment from which this appeal was taken states that it was "rendered, read and signed in Chambers, at Houma, Parish of Terrebonne, La., this 8th day of August, A.D. 1972." A review of the minutes of the trial court appearing of record herein reflects that the last minute entry was on June 13, 1972, where the trial court fixed delays for the litigants to file trial briefs or memoranda and further ordered that the case be taken under advisement. There is no minute entry reflecting the judgment. A review of the record likewise fails to disclose where any stipulation was made between the litigants permitting the trial court to render and sign judgment in chambers or during vacation. The judgment sought to be appealed is, therefore, a nullity, which this Court is required to note ex proprio motu. Louisiana Code of Civil Procedure Article 1911 provides that, "[e]xcept as otherwise provided by law, all final judgments shall be read and signed by the judge in open court." The exceptions referred to are set forth in Official Revision Comment (b) to Article 1911, as follows:
"(b) The exception at the beginning of this article avoids conflict with Arts. 194 and 196, supra, and with R.S. 13:4208, which authorize the signing of certain judgments in chambers and during vacation."
The judgment rendered herein is not one which can be properly rendered and signed in chambers (Louisiana Code of Civil Procedure Article 194), nor is it a judgment which can properly be rendered during vacation (Louisiana Code of Civil Procedure Article 196). Absent a stipulation or agreement between the litigants waiving these formal requirements that a judgment of this nature be rendered and signed both in open court and during term of court, the only other possible exception to the requirements of Louisiana Code of Civil Procedure Article 1911 would be LSA-R.S. 13:4208, which provides as follows:
"When the thirty days herein provided in R.S. 13:4207 expires at a time when the judge is not holding court in the parish wherein the case was tried and submitted, or while the judge is on vacation, the judge shall forward his decree to the clerk of the court, who shall enter the decree upon the minutes of the court, and the decree shall have the same effect as if rendered in open court. In all such cases which are appealable, the judges, at the time of rendering their judgments, shall grant an order of appeal, and fix the appeal bonds when not fixed by law. Either party to any such suit, upon filing the required bond, may take an appeal, which shall have the *444 same legal effect as if granted in open court. The clerk of court as aforesaid, shall file same and issue notices of the decree to all the parties to the suit, or to their attorneys of record, unless the notice has been waived by the parties, or by their attorneys of record; and the sheriff shall serve the notices. The time granted parties under existing laws to take appeals, in cases where decrees are rendered under this section, shall begin to run from the time of the service upon the parties or their attorneys, unless the notice has been waived; and if the notice has been waived, the delay for appeals shall begin to run from the date of the clerk's receipt of the decree." (Emphasis supplied by this Court.)
R.S. 13:4208 cannot apply, however, inasmuch as there was no entry by the clerk of court of the "decree upon the minutes of the court" so as to make applicable this statutory provision.
When presented with a similar situation, the appellate court in Green v. Frederick, 136 So. 783 (La.App. 1st Cir. 1931), construing the source provisions of R.S. 13:4208, namely, Act No. 72, Section 2, of 1884 and Act No. 94, Section 2, of 1898, held that as there was no agreement between counsel or the litigants authorizing the rendition of the judgment in chambers, the judgment had no legal effect and was a nullity.
Unless there be a stipulation waiving the formal requirements of rendition and signing of a judgment in term time and in open court, or unless the judgment be one which can properly be signed by the judge in chambers and during vacation, or unless R.S. 13:4208 be applicable, including the requisite entry by the clerk of court of the judgment upon the minutes of that court, a judgment not rendered and signed by the trial court in open court and during term time is inchoate. No appeal can be taken from such inchoate judgment nor do the delays for appealing commence to run until such judgment be properly rendered and signed. This defect will be noticed by the appellate court ex proprio motu and the premature appeal dismissed, King v. King, 253 So.2d 660 (La.App. 1st Cir. 1971); writ refused, 260 La. 128, 255 So.2d 353; Louisiana Fuel Supply Company v. Gunter, 230 So.2d 660 (La.App. 2nd Cir. 1970); Guidry v. Seacoast Products, Inc., 214 So.2d 904 (La.App. 3rd Cir. 1968).
The order of the trial court granting an appeal from the improperly signed judgment herein does not divest the trial court of jurisdiction to grant another order of appeal after the judgment is properly signed or after proper compliance with R. S. 13:4208. Louisiana Fuel Supply Company v. Gunter, cited supra; Guidry v. Seacoast Products, Inc., cited supra.
This appeal is dismissed, without prejudice, at the cost of defendant-appellant.
Appeal dismissed.