278 So.2d 565 (1973)
Jimmy DARBY
v.
GUASTELLA CONSTRUCTION COMPANY et al.
No. 5802.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1973.
Rehearing Denied June 19, 1973.
Writ Refused August 31, 1973.
*566 Morgan & Goldberg, Jacqueline Mae Goldberg, New Orleans, for relator.
Wiedemann & Fransen, A. Remy Fransen, Jr., New Orleans, Ernest T. Landry, New Orleans, of counsel, for respondent.
Before STOULIG, BOUTALL and BAILES, JJ.
BAILES, Judge.
In the exercise of our supervisory jurisdiction we granted an alternative writ of mandamus and certiorari on the application of plaintiff, Jimmy Darby, a workmen's compensation claimant. In his application he urges that the trial court improperly set aside a preliminary judgment previously regularly entered in this workmen's compensation proceeding and that the trial court refused to set the case for trial.
On this showing, after requesting, receiving and considering respondent's brief, we ordered the trial court to rescind the judgment of April 9, 1973, setting aside the preliminary judgment rendered on March 29, 1973, and to reinstate the preliminary judgment, and to set the case for trial on the merits without delay, or alternatively, that the record herein be transmitted to this court for the purpose of inquiring into the validity of proceeding complained of, and to show cause why the writ of mandamus should not be granted.
The record shows that relator's petition initiating this suit was filed in forma pauperis in the Civil District Court of Orleans Parish on February 23, 1973. The forma pauperis order was signed by a judge of the Civil District Court on the same date it was filed. Named defendants therein were, among others, Guastella Construction Company, alleged to be an individual, partnership, corporation and/or business entity doing business in the Parish of Orleans.
A citation was issued out of the Civil District Court of the Parish of Orleans on February 26, 1973 to Guastella Construction Company, through its proper officer, addressed to 4200 Old Gentilly Road, New Orleans, Louisiana. This citation directed the cited party, Guastella Construction Company to "make an appearance, either by filing a pleading or otherwise, in the Civil District Court for the Parish of Orleans, State of Louisiana, the address of which is the Civil Courts Building, 421 Loyola Avenue, New Orleans, Louisiana, within fifteen days after the service hereof under penalty of default, * * *." This citation and copy of the petition was served on Guastella Construction Company "by personal service on Rosario Guastella, Sr., Pres." on March 8, 1973.
On March 29, 1973, the plaintiff, through his counsel, moved for and the court granted and signed a preliminary judgment against Guastella Construction Company, awarding the plaintiff, inter alia, workmen's compensation benefits at the rate of $49.00 per week, commencing January 19, 1973, the alleged date of injury.
Guastella Construction Company on March 30, 1973, filed a pleading entitled "APPLICATION FOR A NEW TRIAL, OR, ALTERNATIVELY, TO SET ASIDE JUDGMENT." The grounds urged for the recall of the judgment and for the granting of a new trial are as follows:
"1.
"That the preliminary judgment granted herein on or about March 29, 1973 was improvidently granted and should be recalled and defendant should be given a new trial, on the following grounds:
"1. That the title of this suit, as served, calls for filing in the `Civil District Court for the Parish of Plaquemines', yet, the number and division would appear to be in the Civil District Court for the Parish of Orleans; this had lead to confusion as to the actual situs of the suit, and the rendition of a preliminary judgment under such conditions would be improper, and, in fact, the suit should be refiled to bear the proper caption.

*567 "2. The claim is without merit, and does not support on its face, the judgment.
"3. Defendant was aggrieved by the said judgment and desires that it be set aside, or, that alternatively, he be given a new trial."
The plaintiff was ordered to show cause on April 6, 1973, why the preliminary judgment rendered on March 29, 1973, should not be set aside and annulled, or, alternatively, why a new trial should not be granted. This order to show cause was signed by the trial court on April 2, 1973.
After the rule was heard on April 6, 1973, the trial court, on April 9, 1973 rendered the following judgment:
"* * *
"When after hearing the argument of counsel, and upon reviewing the evidence, the Court was of the opinion that the preliminary judgment rendered on March 29, 1973 should be set aside and recalled, with defendant having fifteen (15) days within which to file answer or otherwise plead.
"* * *."
On April 2, 1973, Guastella Construction Company filed an answer to the plaintiff's petition. This answer was a general denial of all the allegations of plaintiff's petition. The third paragraph of defendant's answer states:
"* * *
"That the title of the original petition herein calls for filing in the Parish of Plaquemines, and this answer is filed in an abundance of caution, and defendant reserves all right to object to this improper filing, or to otherwise except to the jurisdiction or service issued herein.
"* * *."
We note that the original petition filed in the trial count on February 23, 1973, has the caption of "CIVIL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES." The word "PLAQUEMINES" has lines drawn through it and the words "ORLEANS" is hand printed thereon with the word and initials of "Instanta PPG" written thereon. This is not dated and we have no way of knowing when this change of parish designation was made. However, it is obvious that the petition, with provision for the Civil Action No., Division designation and docket number to be filled in, was to be filed in the Civil District Court of the Parish of Orleans where in fact it was filed and from which court the citation was issued. Additionally, a judge of that court signed the order permitting the filing to be made in forma pauperis.
The respondent, Guastella Construction Company, in brief and in oral argument contends the writs of mandamus should be recalled for the reason that the petition is fatally defective as it is filed in the Civil District Court, Parish of Orleans whereas the petition erroneously reads "CIVIL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES."
Respondent relies on the case of Kunnes v. Kogos, 168 La. 682, 123 So. 122 (1929) and C.C.P. Article 853. It is quite true that C.C.P. Article 853 does require that every pleading shall contain a caption setting forth the name of the court to which it is addressed.
Although defendant concedes that under the ruling of the court in Kunnes v. Kogos, supra, the plaintiff should be allowed to amend the petition to designate the proper court, it argues that without the amendment, the inaccurate designation of the court to which the petition is addressed is fatal to the validity of the preliminary judgment.
We have no way of determining from the record when the petition was amended by the trial court, but we take the initials "P.P.G." written on the petition following the amendment of the petition to be those *568 of the trial judge, and probably were made subsequent to the rendering and signing of the preliminary judgment.
We find the defendant has not been prejudiced, mislead, or harmed by the inadvertent designation of the parish to which the petition is addressed.
C.C.P. Article 5051 states:
"The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
The substantive and procedural law in workmen's compensation cases for the fixing of the case for trial, for service of the petition and the time allowed for filing an answer by the defendant, as well as the penalty for failure to file an answer and for the entering of a preliminary judgment are found in LSA-R.S. 23:1315 and 1316. These sections provide:
§ 1315:
"The petition shall be filed with the clerk of court and the judge shall fix by order a time and place for the hearing thereof, not less than three weeks after the date of service of the petition. A copy of the petition and of the order shall be served as a summons in a civil action upon the adverse party within four days after the filing of the petition.
"Within ten days after the service of the petition the adverse party shall answer the same and shall admit or deny the substantial averments thereof and shall state the contention of the defendant with reference to the matter in dispute as disclosed by the petition. The answer shall be verified in like manner as required for a petition. The court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage of the proceedings."
§ 1316:
"If the time fixed for filing the answer, or the delay granted for the filing thereof has elapsed without any answer having been filed, then upon simple request of the petitioner the court shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter, providing for payment of such compensation as is claimed to be payable until such time as the hearing of the issues on the merits is fixed by an order of court at the request of the defendant; such hearing on the merits shall be fixed in the same manner as the first hearing is fixed under R.S. 23:1315, or by the agreement of the parties."
Accordingly, we hold that the inadvertent error of writing "PLAQUEMINES" instead of "ORLEANS" in the caption of the petition is innocuous and harmless to this defendant in this workmen's compensation suit in view of the absence of any showing by the defendant that it was misled in believing that it was sued in fact in Plaquemines Parish.
Respondent further objects on the ground that the preliminary judgment is fatally defective because defendant was not properly cited and served with plaintiff's petition, as the ending "Inc." was omitted from its name.
It argues that there are two separate entities, one of which is Guastella Construction Co., Inc., a corporation, and the other Guastella Construction Company, a partnership. There is filed in the record a photocopy of a certificate of incorporation, the original of which was apparently issued by the Secretary of State of the State of Louisiana, which indicates the corporation was organized December 8, 1958.
We were advised in oral argument by respondent's attorney that there exists Articles of Partnership of Guastella Construction *569 Company but admittedly these Articles of Partnership have never been recorded in the proper records of Orleans Parish.
The service of the petition and citation, as shown by the proces verbal of the Orleans Parish process server, was on Guastella Construction Company, through Rosario Guastella, Pres. To this court this is clear indication that the corporation was served with the petition and cited to appear and file responsive pleadings.
There was and is in existence a corporation and there was no way in which this compensation claimant, or his attorney, could learn from an investigation of the public records that there existed a partnership, and as the citation was addressed to the corporation by name, although the ending "Inc." was omitted, the service of the petition and citation was legal.
In Southern Hide Co. v. Best, 174 La. 748, 141 So. 449 (1932) the court held that a citation was valid, although omitting "Inc." from corporate plaintiff's name. The citation was addressed to the corporation by name and not to the president of the same.
We find no merit to respondent's argument that it would be impossible for the plaintiff to execute under the preliminary judgment in view of the fact that the service was upon a corporate officer, but the denomination of the corporation was not correctly drawn.
It does not pass our observation that, as required by LSA-R.S. 23:1315, quoted supra, the defendant has not stated its contention with reference to the matter in dispute as disclosed by the petition. Further, we observe that even to this date, the defendant does not designate the type entity it possesses herein. Nowhere in any of its pleadings, not even on the face sheet of its brief, does the respondent show itself as a corporation by the ending "Inc.".
We find the citation and the service thereof proper and legal and the entry of a preliminary judgment is regular and proper. LSA-R.S. 23:1315 requires an answer to be filed within ten days, the citation erroneously provided fifteen days, but actually the defendant had even a greater delay. It was served on March 8, 1973 and the preliminary judgment was entered and signed on March 29, 1973, a period of 20 clear days.
The entry of the preliminary judgment for the failure to file an answer within ten days is in nature a penalty against the employer for delaying trial on the merits. The purpose of the preliminary judgment is to provide claimant with an interlocutory judgment for compensation that can be immediately executed until such time as hearing of issues on the merits is fixed by order of court at the request of the defendant. See: Redding v. Cade, La.App., 158 So.2d 880 (1964).
Plaintiff-relator complains that the trial judge refused to fix by order a time and place for the hearing thereof, not less than three weeks after the date of service of the petition. We notice that the order at the foot of the petition is still blank, and no response has been made by the trial judge to that portion of the alternative writ of mandamus heretofore issued a part of which required a fixing of this case on its merits without delay. Thus this instanta case is distinguished from Fontenot v. Great Am. Indemnity Co., La.App., 127 So.2d 822 (1961) on which respondent relies as authority for setting aside the preliminary judgment.
Even so, under the provisions of LSA-R.S. 23:1315, the onus is now on the defendant to move the District Court for a hearing on the merits.
For the reasons assigned, the writ of mandamus is made absolute, and the judgment of the trial court dated April 9, 1973, setting aside the preliminary judgment is annulled, recalled and set aside and the preliminary judgment dated April 29, 1973, is reinstated and made the interlocutory *570 judgment of the trial court. This matter is remanded to the trial court for further proceeding in compliance herewith and according to law.
Writ made absolute.