BLANCHE, Judge.
This is an appeal by defendant from a judgment rendered by the trial court in favor of plaintiff judicially fixing the boundary between the immovable property belonging to plaintiff and that immovable property belonging to defendant located in Terrebonne Parish. At the outset we note that the judgment appealed from states that it was “RENDERED, READ AND SIGNED in Chambers at Houma, Louisiana, this 20th day of March, 1973.” A review of the minutes of the trial court appearing of record herein reflects that the last minute entry was on February 26, 1973, where the trial court made plaintiff’s rule against defendant absolute and required that the decision he submitted to the court for judgment without benefit of defendant’s trial memorandum which was then in arrears. There is no minute entry reflecting the rendition or signing of the judgment. Our review of the record likewise fails to disclose the existence of any stipulation having been made between the litigants permitting the trial court to render and sign the judgment in chambers. The judgment sought to be appealed, therefore, is a nullity, which this Court is required to note ex proprio motu, inasmuch as this is not a judgment which the trial court can properly render and sign in chambers, but on the contrary, must be rendered and signed by the judge in open court, Martin v. American Benefit Life Insurance Company, 274 So.2d 442 (La.App. 1st Cir. 1973).
The case of Martin v. American Benefit Life Insurance Company, supra, is fully dispositive of this appeal. The appeal, accordingly, is dismissed without prejudice, at the cost of defendant-appellant.
Appeal dismissed.