REDMANN, Judge.
Defendants in this workmen’s compensation suit, an employer and its insurer, appeal from an August 25, 1972 judgment “ordering said defendants to begin paying plaintiff benefits to which he is entitled retroactive to May 9, 1969, including all medical expenses subject to the maximum amount fixed by law.”
While there are other issues, the basic argument is whether an industrial accident caused plaintiff’s disability.
We note that an earlier “interlocutory judgment” of November 6, 1970 had ordered defendants to pay for corrective surgery “pending the final adjudication of plaintiff’s claim” for benefits. Applications for writs were refused by this court and, 257 La. 268, 242 So.2d 244, by the Supreme Court (“The showing made does not establish that the trial Court abused its discretion”). But this court on appeal said that “the trial judge was not vested with the discretionary authority to order defendants to pay for orthopedic surgery under the provisions of LSA-R.S. 23:1203. The trial court must clearly fix liability as a prerequisite * * * La.App., 266 So.2d 480, 481. That “interlocutory judgment” was set aside by judgment of August 8, 1972. On August 25, 1972, while application for rehearing pended, the trial court rendered the judgment now appealed from. (This court refused rehearing on October 4.)

Form of Judgment

Despite its obvious interpretability as a non-final judgment, we conclude that the judgment is as final as any workmen’s compensation disability award (all being subject, R.S. 23:1331, to modification by the trial court).
It is undisputed that plaintiff’s wages as of May (or July) 1969 would have made his weekly benefit the maximum of $45; R.S. 23:1202. We thus consider the judgment one awarding $45 weekly benefits payable indefinitely, but, as a matter of workmen’s compensation law, R.S. 23:1221 (2), for a maximum of 500 weeks.
The trial judge apparently felt it inappropriate to make a finding of permanent disability in the face of medical evidence that surgery (fusion of vertebrae) would probably cure the disability. But his indefinite judgment was the equivalent of a total and permanent disability award, which is itself subject by statute, R.S. 23:1331, to termination where incapacity is eliminated (as by surgery).
We so construe the judgment, in preference to sending this much-travelled case to the trial court again.

Trial Court Jurisdiction

Defendants first argue that the trial court lacked “jurisdiction” to render the judgment on August 25, since application for rehearing was then pending and accordingly this court still had the jurisdiction which attached on the timely filing of the appeal bond, C.C.P. art. 2088. We point out, however, that art. 2088 refers to *419 jurisdiction “over all matters in the case reviewable under the appeal”, and this court had expressly ruled it had no jurisdiction, on the interlocutory appeal by defendant, over the determination of disability and award of weekly benefits: we could not have amended the judgment in plaintiff’s favor because he neither appealed nor answered that appeal, C.C.P. art. 2133. Defendants'thus argue now, as they argued then, that under C.C.P. art. 2164 this court had the power, i.e., the jurisdiction, to render a judgment on the merits: but that argument must be considered as foreclosed by its earlier rejection in this case. Thus, accepting our earlier ruling that we had no jurisdiction on the merits of the main demand, we must also conclude that that jurisdiction remained with the trial court and resided in that court on the date it rendered the judgment now on appeal.

Judgment in Vacation

We here note that we have also examined the question whether the August 25 judgment’s validity is affected by its rendition during the trial court’s vacation.
C.C.P. art. 1911 requires, with exceptions not here pertinent, that “all final judgments shall be read and signed by the judge in open court”. A judgment (not among art. 191 l’s exceptions) rendered and signed during the trial court’s vacation (except by stipulation) is a nullity; Teacle v. Hughes, 146 La. 195, 83 So. 457 (1919); American Universal Ins. Co. v. Coleman, 121 So.2d 265 (La.App.1960). See also Martin v. American Benefit L. Ins. Co., 274 So.2d 442 (La.App.1973). Signing during vacation is a defect we must on our own motion notice, Martin, supra.
Nevertheless, despite C.C.P. art. 191 l’s failure to except judgments for workmen’s compensation benefits, we conclude that the special Workmen’s Compensation law, although enacted earlier than C.C.P. art. 1911, must govern rather than the general procedural law. Under R.S. 23:1315 the judge must fix compensation cases for hearing by order before service upon the defendant, since the order must also be served; and answer is due within ten days of service. Failure to answer timely entitles the claimant to a judgment for the compensation he claims, § 1316, until defendant obtains an order fixing a hearing; Darby v. Guastella Constr. Co., La.App. 1973, 278 So.2d 565. And § 1317 obliges the court to decide “summarily”. Thus the law’s evident requirement of summary proceeding, see Trahan v. Petroleum Cas. Co., 1967, 250 La. 949, 200 So.2d 6, is consonant with the obvious practical necessity for immediate relief for a disabled workman.
We hold that judgments for workmen’s compensation benefits are not null because rendered during the court’s vacation.

Merits

Plaintiff presented evidence from which one reasonably may, and the trial judge did, conclude that plaintiff, from a fall from a stack of bags of chemicals while at work on the early morning of May 7, 8 or 9, 1970, suffered a back injury (an aggravation to an earlier, healed fracture) manifested by pain which increased in severity until it became disabling on July 9 (when plaintiff first consulted a physician) and further increased thereafter ; that plaintiff is thereby disabled from working as a heavy laborer (though surgery to fuse vertebrae may remove his disability) .
Yet there are inconsistencies and at times seeming efforts to affect evidence (none of which, however, appears to have escaped the trial judge). Had the trial judge decided to disbelieve plaintiff and his witnesses, reasons are present in the record. Specifically, the trial judge might have beeen suspicious that plaintiff’s injury occurred not at work but on a three-day vacation in- Mississippi on or about July 9 (though corroboration of no fall there was also produced by plaintiff).
*420 However, the trial judge decided to accept the testimony of plaintiff and his witnesses. The reasons for judgment of November 6, 1970 set forth, in detail unnecessary to repeat, the corroboration by other witnesses of plaintiff’s testimony. We therefore note only the evidence which sufficiently connects the early May fall with the pain not reported to a doctor until July 9 (and then not connected by plaintiff with the May fall).
Medical testimony by one physician (corroborated by the circumstance plaintiff had worked several months elsewhere lifting 110-lb. sacks) was that a fall was a more likely cause of plaintiff’s problem than routine lifting of 50-lb. sacks involved in his job. Plaintiff’s testimony of the pain’s increase from tolerable levels in May to intolerable levels in July is consistent with medical testimony by another physician that back pain increased yet more after August 15, as a result of which the medicine was strengthened. Again, as in other areas of testimony, there were conflicting views; e.g., the latter physician thought the back problems were caused by the routine lifting of the 50-lb. sacks.[1]
This is a case in which an inference on causation different from that drawn by the trial judge might with equal reasonableness have been justified. But, Canter v. Koehring, La.1973, 283 So.2d 716, 724, “the reviewing court must give great weight to the factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. * * *»
We do modify the award to begin on July 9, 1968, when the pain resulting from the May 9 fall, became disabling, rather than from the date of the fall.
Plaintiff did not appeal nor answer defendants’ appeal. The judgment’s silence as to interest is therefore not before us for review; see Garvin v. City of New Orleans, La.App.1972, 270 So.2d 919, writ refused 273 So.2d 42.
The judgment is affirmed but modified .to specify benefits of $45 weekly from July 9, 1969, to continue during plaintiff’s disability but not beyond 500 weeks. Defendants are to pay all costs.

. The trial court in its November 6, 1970, reasons for the “interlocutory judgment” ¿c-cepted this possibility, but correctly noted that such work-caused disability would also be compensable. See Bertrand v. Coal Operators Cas. Co., 1969, 253 La. 1115, 221 So.2d 816; Ferguson v. HDE, Inc., La.1972, 270 So.2d 867.
However, while incorporating those 1970 reasons into its 1972 reasons, the trial court in fact gave compensation from May 9, 1968, implying that the court concluded the May fall was the cause.